### FOGARTY v. FOGARTY.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

1. DISCOVERY (§ 86*)—RIGHT TO EXAMINATION—RULES OF PRACTICE.

Under General Rules of Practice, rule 14, subd. 3, a discovery can only be ordered where the book or article is material to the decision of the action, or is competent evidence on the trial thereof, or where such a discovery is necessary to enable a party to prepare for trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

2. DISCOVERY (§ 86*)—RIGHT TO EXAMINATION—MATERIALITY TO MAIN ISSUE.

In a suit to have conveyances absolute in form declared to be mortgages, and to require defendant, upon payment of any amount due, to reconvey the property, the main issue is the real character of the conveyances; and hence a discovery of books and papers in defendant's possession, to determine what amount, if any, is due, should not be granted, unless an accounting be ordered.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

Appeal from Special Term.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Eugene Frayer, for appellant.
Edward W. S. Johnston, for respondent.

INGRAHAM, J. This action was brought to have certain deeds, absolute on their face, by which plaintiff conveyed to the defendant his interest in certain real property, declared to be mortgages, for an accounting, and the reconveyance to the plaintiff of the premises conveyed by such deeds. The complaint alleges that prior to the 1st of September, 190—, the plaintiff had borrowed from the moneys of the estate of Patrick A. Fogarty, deceased, and from the defendant individually, divers sums of money, aggregating $31,700; that the plaintiff has no knowledge as to whether these were advanced to him from the moneys of the estate of his father or from the defendant's individual moneys; that the plaintiff had, prior to the 1st of September, 1905, repaid to the defendant the sum of $24,700; that subsequent thereto plaintiff applied to the defendant for an additional loan, and the defendant then agreed to loan to the plaintiff the sum of $5,000, upon plaintiff giving to the defendant, as security for the advances theretofore made or which may subsequently be made, either out of the defendant's own funds or out of the funds in the hands of the defendant as manager of the estate of Patrick A. Fogarty, deceased, deeds and conveyances of all his right, title, and interest in and to the several parcels of land described in the complaint; and this plaintiff as such security conveyed his right, title, and interest to such property to the defendant. The answer admits that prior to the 1st of September, 1905, the plaintiff had borrowed from the defendant divers sums of money, but denies the other allegations in relation to the conveyances; alleges that such conveyances were not given as security, but were actual conveyances in fact as well as form, given upon a good, adequate, and sufficient consideration. The defendant further alleges that he has accounted to the plaintiff for all rents of the property received by him. The action being at issue, the plaintiff applied for a discovery and inspection of the books of account of the plaintiff's deceased father's estate, kept by the defendant and under his control, and an inspection of the canceled checks of that estate, and of the check book of the estate, and of the personal books of accounts of the defendant, showing entries made or payments, advances, or loans made to the plaintiff or for his account. The court below ordered an inspection of all the books of the estate of which the defendant was manager.

The object of the action is to have these conveyances, absolute on their face, declared to be mortgages, and to require the defendant, upon payment of any amount that is due, to reconvey the property to the plaintiff, and the accounting that is asked for is merely to ascertain what amount if any is due. Before the plaintiff is entitled to an accounting he is bound to prove that these conveyances were mortgages, and not absolute conveyances of property; and, that fact being proven, the court will direct an accounting. It does not appear, therefore, that this discovery of the books and papers of the defendant has any relation to the main issue that must first be tried, namely,

the real character of these conveyances. The inspection of these books and papers would only become necessary if the court should upon the trial find that the conveyances were mortgages, when an accounting would be ordered, at which the defendant would be compelled to produce such books and papers. A discovery can only be ordered, under subdivision 3 of rule 14 of the general rules of practice, where the book, document, record, or article is material to the decision of the action, or is competent evidence of the trial thereof, or where such a discovery is necessary to enable a party to prepare for trial. It is quite clear that, while these books and papers would be competent evidence upon an accounting, if one should be ordered, they have no bearing upon the main question that must first be tried as to whether or not these checks were absolute conveyances or given as security.

The action is not to compel the defendant as manager of the estate to account for the property of the estate which has come into his possession, or for a general accounting of the transactions between the plaintiff and the defendant. The specific relief sought in this action is to have it adjudged that these absolute conveyances were given as security for money loaned. Plaintiff admits the receipt of large sums of money from the defendant, and alleges that he has no knowledge as to whether the money advanced to him was the individual money of the defendant or the money of the estate; and, while there is a dispute between the parties as to the amount of such advances and the amount unpaid, that is a question for an accounting, and has no relation to the main question to be first determined as to the nature of these conveyances. I can find nothing in this record to sustain the contention of the plaintiff that any of these records can be at all material upon the trial of that issue, and until that issue is tried and disposed of it seems to me that such a discovery is entirely unnecessary.

This order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

Edward W. S. Johnston, for respondent.