## HAFF v. HAFF.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

DIVORCE (§ 85*) — ACTION FOR SEPARATION — COUNTERCLAIM FOR ABSOLUTE DIVORCE—EXAMINATION OF DEFENDANT BEFORE TRIAL.

In an action for separation, the answer denied the acts charged and counterclaimed for an absolute divorce. A motion was made to frame issues for a jury, which was denied with leave to renew. *Held*, in view of the condition of the case, and that, if the counter charges were tried and defendant won, there would be an end of the separation action, a motion for the examination of defendant solely to obtain evidence for use on the trial of such action to establish the amount of permanent alimony was premature.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 85.*]

Appeal from Special Term, New York County.

Action by Mary C. Haff against William P. W. Haff. From an order denying a motion to vacate an order for defendant's examination before trial, defendant appeals. Reversed and motion to vacate granted without prejudice to a new motion.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Max D. Steuer (I. Maurice Wormser, of counsel), for appellant.

House, Grossman & Vorhaus (Leo R. Brilles, of counsel), for respondent.

CLARKE, J. Appeal from an order denying a motion to vacate an order for the examination of the defendant before trial. This is an

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action for a separation upon the ground of .cruel and inhuman treatment. The answer denies all the acts charged in the complaint, and sets up numerous acts of adultery on the part of the plaintiff and counterclaims for an absolute divorce. A motion has been made to frame the issues for trial by jury, which motion has been denied with leave to renew. The object of this examination is solely to obtain evidence of the defendant's means for use upon the trial of the separation action to establish the amount of permanent alimony.

In view of the condition of the case, and that if the adultery charges are sent to trial before a jury upon framed issues, and if the defendant wins, there will be an end of the separation action and so no necessity for this evidence, the motion for the examination of defendant is premature, because it is not now made to appear that the testimony is material and necessary to the plaintiff's cause of action.

This order should therefore be reversed, and the motion to vacate the order for examination granted, without prejudice to a new motion if necessity therefor hereafter arises, without costs. All concur.