(68 Misc. Rep. 452.)

### DANZIGER v. DANZIGER.

(Supreme Court, Special Term, New York County.　July 22, 1910.)

DIVORCE (§ 85*)—EXAMINATION OF DEFENDANT BEFORE TRIAL—ALIMONY.

Where, in an action for divorce, defendant had denied all the allegations of the complaint, including the allegation of his marriage, as well as the charge of adultery, complainant was not entitled to an order for defendant's examination before trial concerning his property, estate, and income, which examination would be material only on the issue of alimony, incidental only to the main cause of action.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 85.*]

Action by Ida S. Danziger against Adolphe Danziger.　On motion to vacate order for examination of defendant before trial.　Granted.

Benjamin Frindel, for the motion.

Fixman & Lewis, opposed.

GIEGERICH, J.　This is an action for divorce, and the plaintiff has procured an order for the examination of the defendant before trial concerning his property, estate, and income, and the amounts and sources of his income, and the value of all property held and owned by him.　The defendant has answered the complaint, denying all the allegations thereof, including the allegation of the marriage between the parties, and he now moves to vacate the order for his examination before trial.

I have been unable to find any reported case in which the granting of an order for the examination before trial of a party to a matrimonial action concerning his property and income has been sanctioned, and I am unwilling to establish such a precedent, for it is manifest that it would lead to the gravest abuse.　The testimony sought to be obtained upon this examination can only be material upon the question of alimony, and the alimony is a mere incident to the cause of action itself, and, logically, a matter which ought not to be gone into at all until the guilt of the husband has been first established. Galusha v. Galusha, 138 N. Y. 272, 281, 33 N. E. 1062.　It is true that under the present practice, where the trial is before the court or referee, the evidence bearing upon the question of alimony is taken along with the other evidence in the case; but the defendant may desire a jury trial of the issue of adultery, and in such a case any inquiry as to the extent of his property or the amount of his income would be manifestly improper until the main issue had been adjudicated against him (Haff v. Haff, 132 App. Div. 338, 116 N. Y. Supp. 1100); and even in the case of a trial of all the issues by the court or by a referee it is safe to say that no such inquiry would be permitted until the plaintiff had first made out a prima facie case upon the main issues.　I am unwilling to inaugurate a practice under which the plaintiff could go still further, and in the face of issues raised both as to the marriage and the adultery interrogate the defendant in advance of the trial concerning his property and the amount and

sources of his income. I do not understand that, because the Code of Civil Procedure has provided generally for the taking of depositions of parties to an action, and has made no exception in the case of matrimonial actions, the court is bound to grant such applications as a matter of course, provided only that they appear to be made in good faith.

I am of the opinion that the order ought to be vacated, and the motion is therefore granted, with $10 costs.