### VAN VALKENBURGH v. VAN VALKENBURGH.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

DIVORCE (§ 85*)—DISCOVERY—EXAMINATION BEFORE TRIAL—ISSUES.

> Where, in a suit by a wife for separation on the ground of the husband's cruelty, abandonment, and nonsupport, the husband admits the abandonment and nonsupport, and alleges, in justification, the wife's cruel treatment and abandonment of him, an examination of the husband before trial to disclose his financial condition to determine the amount of permanent alimony is not justified because that question is not in issue until plaintiff establishes her right to a judgment.

> [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 276; Dec. Dig. § 85.*]

> Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Nevada Van Valkenburgh against Philip Van Valkenburgh. From an order refusing to vacate an order for the examination of defendant before trial, he appeals. Reversed.

Argued before CLARKE, McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

William M. K. Olcott, for appellant.
Edward Lauterbach, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J.   Appeal from an order denying a motion to vacate an order for the examination of the defendant before trial.

The action is brought for a separation.  The pleadings are not before us; but the affidavits disclose that the plaintiff demands relief on the ground of defendant's cruelty, abandonment, and failure to support her.   Defendant admits the abandonment and nonsupport, and alleges that he was justified in such abandonment because of plaintiff's cruel and inhuman treatment of him and that plaintiff abandoned him as well.   In the original moving affidavit for the order, it was averred that the testimony of defendant was necessary and material to the plaintiff upon the trial of this action in order to disclose the amount of defendant's income and property, and "that the alimony to be adjudged and provided for in the final order for the maintenance of the plaintiff may be determined"; also to show what demands upon defendant's property and income exist apart from plaintiff's support; and finally that the "testimony is material and necessary in order to determine the amount of permanent alimony to which the plaintiff may be entitled."  The papers before us sufficiently demonstrate that the examination of defendant is not now necessary or material to plaintiff.  The question of defendant's financial condition in reference to any award of alimony does not become an issue until plaintiff has succeeded in establishing her right to the judgment which she seeks.  Should she fail in her action, or should the defendant recover judgment in his favor upon his counterclaim wherein he asks for relief, the information sought by the examination would be immaterial, unnecessary, and useless.

The situation is analogous to that of an action to have a conveyance, absolute upon its face, declared to be a mortgage and for an incidental accounting (Fogarty v. Fogarty, 128 App. Div. 272, 112 N. Y. Supp. 742); or an action for an accounting under an agreement to divide certain profits (Moore v. Reinhardt, 132 App. Div. 707, 117 N. Y. Supp. 534); or an action to set aside an assignment of an interest in a copartnership and for an accounting (Gow v. Ward, 144 App. Div. 593, 129 N. Y. Supp. 466)—in all of which cases the right to an examination and discovery before trial was denied, as the accounting followed only as a result of the determination of the main issue.  Here the right to alimony, if any, can only arise from a determination of the main issue in plaintiff's favor, and until that is so decided the question of defendant's financial situation as a possible basis for alimony is immaterial and not necessary to the establishment of plaintiff's rights.  As that is the sole subject of the examination which has been ordered, the order appealed from must be reversed, and the motion to vacate the order for the examination of defendant granted.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting).  I am of opinion that the plaintiff was entitled to the order for the examination of the defendant.  The provisions of the Code of Civil Procedure with respect to the trial

of an action for separation contemplate but a single trial, and that the plaintiff shall introduce all of his evidence before he rests, and that final judgment shall thereupon be decreed, which, if in favor of a wife, shall provide for her support and for the maintenance and education of the issue of the marriage. Code Civ. Proc. § 1766. It is said that the practice in this judicial district is to take the evidence bearing upon the main issues, and then to suspend the trial until the court reaches a decision with respect to the merits of the case, and, if it shall be in favor of the wife, to resume the trial for the purpose of taking evidence with respect to the husband's property and income. That is not the practice throughout the state, and I find no warrant for it in the Code of Civil Procedure. I think the plaintiff is as much entitled to such an examination for the purpose of affording a basis for the award of alimony as upon the main issues, for they are to be decided by a single decree, and no useful purpose is to be served by trying the cause piecemeal.

I therefore vote for affirmance.