# THE

# NEW YORK SUPPLEMENT

## VOLUME 142

### REYNOLDS v. REYNOLDS.

(Supreme Court, Special Term, New York County. June 9, 1913.)

1. DISCOVERY (§ 43*)—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER OF EXAMINATION.

An examination of a party before trial will not be denied, because the matters about which he is sought to be examined are privileged, since the privilege is a personal one, and may not be insisted upon, and the question should be reserved for the disposition. of the justice before whom the examination is conducted.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 56; Dec. Dig. § 43.*]

2. DIVORCE (§ 85*)—DISCOVERY—SUBJECT-MATTER OF EXAMINATION.

In an action for divorce, where the husband denies the allegations of the complaint, he cannot be examined before trial concerning his property and income, since the testimony sought would be material only upon the question of alimony, which is a mere incident of the cause of action, and should not be gone into until the merits of the case are determined.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 85.*]

Action by Mary A. Reynolds against John J. Reynolds. On motion to vacate an order for the examination of the defendant. Denied.

Lesser Bros., of New York City, for the motion.

Robert Kelly Prentice, of New York City, opposed.

GIEGERICH, J. [1] The only matters which, by her affidavit, the plaintiff shows that she expects to establish by the examination of the defendant before trial, are the acts of adultery charged against him in the complaint and the amount of his property and income. Although the defendant is privileged as to the first ground, this does not constitute a valid reason for denying the plaintiff's right to the order for his examination, since the privilege is a personal one, and may not be insisted upon. At all events, the question should be reserved until the examination occurs, and can then be disposed of by the justice before whom it is conducted. Ryan v. Reagan, 46 App. Div. 590, 62 N. Y. Supp. 39; Matter of Sayre, 70 App. Div. 329, 75 N. Y. Supp. 286; Bioren v. Canadian Mines Co., 140 App. Div. 523, 125 N. Y.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

142 N.Y.S.—1

Supp. 392; Peterson v. Fowler, 143 App. Div. 282, 128 N. Y. Supp. 505.

[2] While the order in its entirety will not be vacated on the ground that the defendant will be privileged from testifying, his examination in advance of the trial relative to his property and income cannot be sanctioned. In Danziger v. Danziger, 68 Misc. Rep. 452, 124 N. Y. Supp. 177, which was an action for divorce, an examination of the husband before trial was sought concerning his property and income, and in vacating the order I took the ground, among others, that the testimony which the wife desired to obtain was material only upon the question of alimony, and that alimony was a mere incident to the cause of action itself, and, logically, a matter which ought not to be gone into at all until the guilt of the husband was first established. The Appellate Division of this department, in the subsequent case of Van Valkenburgh v. Van Valkenburgh, 149 App. Div. 482, 133 N. Y. Supp. 942, took the same view, saying:

"The question of defendant's financial condition in reference to any award of alimony does not become an issue until plaintiff has succeeded in establishing her right to the judgment which she seeks. Should she fail in her action, or should the defendant recover judgment in his favor upon his counterclaim, wherein he asks for relief, the information sought by the examination would be immaterial, unnecessary, and useless."

In the present case the averments of the defendant's alleged adultery and of the residence of the plaintiff are denied, and any inquiry as to his property or income would be manifestly improper until such issues had been established against him.

Motion to vacate the order for the examination of the defendant denied; but his examination will be limited to the question of adultery, in respect of which he is at liberty to claim that he is privileged from testifying.