(96 Misc. Rep. 56)

## LINNEKIN v. LINNEKIN.

(Supreme Court, Special Term, Kings County. June 17, 1916.)

1. DIVORCE ☞85—EXAMINATION BEFORE TRIAL—SEPARATE MAINTENANCE.
　　Under Code Civ. Proc. § 870, providing for examination of the adverse party before trial in an action pending in any court of record, section 873, providing that when the papers bring the case within the requirements the order must be granted, and section 1966, providing for allowance for support without granting separation in an action for separation, the wife, who sues for separation and support, is entitled to have the husband examined as to his ability to support before trial of issues as to separation.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 276; Dec. Dig. ☞85.]

2. APPEAL AND ERROR ☞479(1)—STAY OF PROCEEDINGS—WHEN PROPER.
　　On appeal from an order denying motion to set aside an order for examination of defendant husband before trial of the wife's action for

separation, stay of proceedings should be granted, where the Appellate Division has never passed on the right to such examination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2251, 2253–2256; Dec. Dig. ☞479(1).]

Action by Isabel Linnekin against William Sturges Linnekin. On motion to vacate an order for examination of defendant before trial. Motion denied.

Newborg & Callan, of New York City, for the plaintiff.
Feiner & Maass, of New York City, for the defendant.

CROPSEY, J. Motion to vacate an order obtained by plaintiff for the examination of defendant before trial. The action is for a separation. The order required the defendant to be examined as to his property. No defects in the papers upon which the order was made, are claimed. This motion is based solely upon the contention that in no separation action can a defendant be examined before trial as to his means.

[1] Were this a case of first impressions, there would seem to be no force in defendant's contention. The courts have very generally sustained the right to examine before trial adverse parties as to any fact material to the cause of action. Goldmark v. United States Electro Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Rocke, 115 App. Div. 174, 100 N. Y. Supp. 704; Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324; Richards v. Whiting, 127 App. Div. 208, 111 N. Y. Supp. 21; Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321. These cases and others hold that no longer shall "technicalities and exaggerated reasons" be grounds for refusing to grant orders for such examinations. Such examinations "are valuable aids in the ascertainment of the truth," and should be allowed when the papers bring the applications within the provisions of the law. Section 873 of the Civil Code says the order "must" be granted in such a case.

There is nothing in the statutes or rules that even indicates, much less provides, that a different rule is applicable in separation actions. The language of the sections is general. The examination may be had "in an action pending in a court of record." Section 870, Civil Code. That these provisions applied to separation actions would seem to be clear, were it not for some decisions which have held to the contrary. Van Valkenburgh v. Van Valkenburgh, 149 App. Div. 482, 133 N. Y. Supp. 942; Danziger v. Danziger, 68 Misc. Rep. 452, 124 N. Y. Supp. 177; Reynolds v. Reynolds, 81 Misc. Rep. 362, 142 N. Y. Supp. 1. These cases hold such examinations to inquire into defendant's means should not be granted in this class of cases. The reason announced is that:

"The question of defendant's financial condition in reference to any award of alimony does not become an issue until plaintiff has succeeded in establishing her right to the judgment which she seeks." Van Valkenburgh v. Van Valkenburgh, supra.

The situation is likened to those in which an accounting is sought, where it is first determined if there is a right to an accounting, and,

if so, an interlocutory judgment is entered, and later the accounting is had. In such cases orders for examination as to matters that might arise only on the accounting have been held to be improper, if granted before the interlocutory judgment was entered. Moore v. Reinhardt, 132 App. Div. 707, 117 N. Y. Supp. 534; Gow v. Ward, 144 App. Div. 593, 129 N. Y. Supp. 466. But are such cases analogous? In a separation the plaintiff seeks support as well as a separation, and must prove facts justifying a provision for alimony as well as for the separation, and all this proof must be made before the plaintiff rests. The practice—at least in this department—is not to take proof as to whether a separation shall be decreed and then enter judgment thereon, and later take proof to show what the amount of the alimony should be. The reason, therefore, of the rule as stated in the cases cited, would seem not to make them applicable to actions here. That there is some such practice in the department deciding those cases would appear from the statement in the dissenting opinion in the Van Valkenburgh Case, cited above. If a plaintiff cannot have an examination of the defendant in such an action for the purpose of proving his ability to make provision for the plaintiff's support, before the case is tried, then she can never have it in such an action. There is no other time when it could be had. There is no interim between the making of the decision awarding a separation and that fixing the amount of the alimony. The effect of the cases cited, on separation actions in this county, at least, would be to absolutely prohibit such examinations. There seems to be nothing in the law justifying such a distinction, or discrimination.

There is another reason why the cases cited should not be followed. Section 1766 of the Civil Code provides that in a separation case the court may "render a judgment compelling the defendant to make the provision specified in this section [for support], where under the circumstances of the case, such a judgment is proper, without rendering a judgment of separation." Thus a separation need not be granted, and yet the plaintiff be allowed support. This provision of the law is not mentioned in the cases cited and was probably not called to the attention of the court. Under all the circumstances I feel constrained to hold that the cases referred to are not applicable, under the practice that prevails in this county, and that the motion to vacate the order for defendant's examination must be denied.

[2] It seems to me, however, that if the defendant wishes to appeal from this decision a stay of proceedings under the order for the examination should be granted, as this question apparently has not been passed upon by the Appellate Division in this department.