WILLIAM A. SAFRIN, Appellant, *v.* LENA SAFRIN, Respondent.

Second Department, May 24, 1923.

**Husband and wife — action by husband for separation — defendant not entitled to examine plaintiff before trial as to his property.**

In an action by a husband for separation, in which the defendant interposes a general denial, the defendant is not entitled to examine the plaintiff before trial under section 288 of the Civil Practice Act as to the value of the plaintiff's property.

APPEAL by the plaintiff, William A. Safrin, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 20th day of April, 1923, denying his motion to vacate a notice for his examination before trial as to his property.

*Benjamin H. Lieberman*, for the appellant.

*Emanuel S. Cahn*, for the respondent.

RICH, J.:

The complaint alleges a cause of action for separation. The answer is a general denial.

The learned justice at Special Term denied the motion to vacate the notice to take the deposition of plaintiff on the authority of *Harding* v. *Harding* (203 App. Div. 721). The case upon which he relied cannot be regarded as an authority for the disposition of the motion. That was an action where it was sought to set aside a separation agreement entered into between the husband and wife on the ground that the consideration provided in the agreement was inadequate and was made at a time when the plaintiff

was in ill health, and the question as to the value of defendant's property was a material issue, and the provisions of section 288 of the Civil Practice Act are applicable to such a case; but that case is clearly distinguishable from the case at bar. The defendant does not ask for separate support and maintenance. She seeks merely to defeat her husband's action by a denial of the charges he makes against her, and if she succeeds the status of the parties is not changed. The relation of husband and wife continues, and she would not be entitled to alimony. Under the circumstances there can be no necessity for the examination.

In the event that it should be made to appear as the result of the action that the defendant will be entitled to alimony, it will be time enough then for the court to inquire as to the ability of the plaintiff to pay. The provisions of section 288 of the Civil Practice Act are very broad, but we do not regard this as a case where it is necessary to invoke the aid of that section to enable the court to fix the amount of counsel fee, if any, that should be awarded to the defendant.

The order should be reversed on the law and facts, without costs, and the motion granted.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur.

Order reversed on the law and the facts, without costs, and motion granted.