FANNIE ALTMAN, Plaintiff, v. MAX ALTMAN, Defendant.

Supreme Court, Special Term, Kings County, June 9, 1936.

*George Kaminsky*, for the motion.

*I. Bernard Silverglate* [*Louis Timberg* and *Rubin Mazel* on the brief], opposed.

CUFF, J. Motion to examine defendant before trial. This is an action for separation. Plaintiff seeks to examine her husband to show his earning capacity and assets. In her complaint she pleads that his income is $10,000 a year. The answer denies the allegation. Cases cited indicate that the First and Second Departments have refused such examinations. (*Van Valkenburgh* v. *Van Valkenburgh*, 149 App. Div. 482 [1st Dept.]; *Safrin* v. *Safrin*, 205 id. 628 [2d Dept.]; *Horsch* v. *Horsch*, 206 id. 710 [2d Dept.]; *Hutaff* v. *Hutaff*, 208 id. 745 [2d Dept.]; *Fried* v. *Fried*, 230 id. 708 [2d Dept.].)

The reasoning of these learned tribunals is that the income and assets of the defendant are not material matters in the suit until the plaintiff shows that she is entitled to the separation. If separation actions were treated by the court in the same way as accounting

suits are dealt with, I could subscribe to that holding. The practice in separation cases is to try the issues of separation and alimony at one hearing. Payment of money to the wife by the husband is not dependent upon her success on the separation issue. Support may be ordered by the trial judge, although he denies the separation. (Civ. Prac. Act, § 1164.) The amount of income and the assets of defendant are issues that plaintiff must meet at the one and only hearing that is afforded her.

In practice we know that obtaining support is the compelling motive for bringing most separation suits. The wife has no trouble in separating herself from her husband. In nearly all of the cases, it seems to me, the husband would not resist were it not for threatened alimony. The wife's quest in the ordinary separation action is for support from the one that the law commands to maintain her. This is not merely a material and necessary part of the wife's case, from every viewpoint. It is the most important part — and incidentally the most difficult part — to be proved at the trial.

I am fully cognizant of the mischief that may be worked by a designing wife who, desiring to annoy her husband, begins a separation suit and obtains an examination of him as to his finances, although she has no intention of bringing her suit to trial. If her bad faith can be discovered, the examination may be refused for that reason. But there is no proof of bad faith before me on this application.

Section 288 of the Civil Practice Act provides: " Any party * * * may cause to be taken by deposition, * * * testimony * * * of any * * * party which is *material and necessary* in the prosecution * * * of the action." (Italics supplied.)

If the testimony sought to be taken is material and necessary, she has a *right* to examine. I am not unmindful that our appellate courts have held that allowing examinations before trial falls within the sound discretion of Special Term, but how can discretion be exercised where an absolute right is involved? In the exercise of discretion I would deny this motion. It seems to me that this plaintiff is not obliged to submit to the discretion of Special Term because she has in her favor a right unqualifiedly given by statute. The scope and control of the examination may well be regulated by the discretion of Special Term, but leave to start the examination should not be denied.

*Linnekin* v. *Linnekin* (96 Misc. 56), a Special Term decision by CROPSEY, J., not followed by the Appellate Division, holds that plaintiff was entitled to such examination and presents a persuasive argument on the subject.

Motion granted.