DOROTHY E. LEVI, Plaintiff, *v.* HOWARD J. LEVI, Defendant.

Supreme Court, Special Term, New York County, October 6, 1943.

*Klein, Wikler & Gottlieb* for plaintiff.

*Markewich, Rosenhaus & Markewich* for defendant.

Pecora, J. Plaintiff wife brings this action for separation based upon cruel and inhuman treatment. The complaint sets forth many specific acts of cruelty. The answer admits, by failing to deny, all of the allegations of the complaint, except paragraph " Sixth " thereof, which avers that the defendant's income amounts to approximately $30,000 per annum. The answer concludes with the statement that " defendant consents to the entry of a decree of separation herein, in favor of plaintiff and against the defendant, which decree shall provide that the defendant pay plaintiff reasonable alimony for her support and maintenance." There remains, therefore, no contested issue in the case other than the amount of alimony to be awarded to plaintiff. Plaintiff now moves to examine defendant before trial upon the question of defendant's financial responsibility. Defendant opposes the granting of the relief upon the ground that no such examination will be permitted in a matrimonial action.

The leading case relied upon by defendant is *Van Valkenburgh* v. *Van Valkenburgh* (149 App. Div. 482), wherein the court said: " Here the right to alimony, if any, can only arise from a determination of the main issue in plaintiff's favor, and until that is so decided the question of defendant's financial situation as a possible basis for alimony is immaterial and not necessary to the establishment of plaintiff's rights."

As a rule, general examinations before trial in matrimonial actions will be denied as against public policy, it being assumed that they are sought for ulterior purposes. (*Shatz* v. *Shatz,* 248 App. Div. 594.) Furthermore, examinations before trial as to a defendant's financial ability are denied in actions for divorce and separation upon the theory expressed in the *Van Valkenburgh* case (*supra*), that in advance of the establishment of the right to separation or divorce, the question of the amount of alimony is immaterial. (*Safrin* v. *Safrin,* 205 App. Div. 628; *Fitzpatrick* v. *Fitzpatrick,* 257 App. Div. 824; *Schultz* v. *Schultz,* 258 App. Div. 971; *Mendel* v. *Mendel,* 230 App. Div. 869.) However, in the instant case, the reasons which have prompted denials of examinations in matrimonial actions do not exist. The right to a separation has been established by defendant's admission of the facts alleged in the complaint and his prayer for relief that a separation decree issue in

behalf of plaintiff. The sole contested issue to be tried is that of the amount of alimony. Under such circumstances no rule of policy or argument of immateriality arises to require denial of the motion for an examination. The question of the defendant's finances becomes a material and necessary part of plaintiff's case, and the only part which she will have any difficulty of proving. With the issue of plaintiff's right to a separation removed, the motion presents a typical case for affording the right to examine an adversary before trial. The motion is granted. Settle order.