Walter, J.
A general examination before trial of a defendant in a matrimonial action ordinarily is not allowed (Tausik v. Tausik, 280 App. Div. 887; Shatz v. Shatz, 248 App. Div. 594; Immerman v. Immerman, 230 App. Div. 458; Appelbaum v. Appelbaum, 273 App. Div. 966; Levi v. Levi, 182 Misc. 445; Whittaker v. Whittaker, 126 Misc. 640). The factors and considerations which led to the adoption of that policy have no application to an examination of a defendant husband confined to his assets and income. Nevertheless, it has been held that a plaintiff wife in such an action may not examine defendant husband before trial even with respect to his means, upon the theory that the husband’s financial condition is not material unless and until the wife first establishes her right to a separation or divorce (Danziger v. Danziger, 68 Misc. 452; Reynolds v. Reynolds, 81 Misc. 362; Van Valkenburgh v. Van Valkenburgh, 149 App. Div. 482; Safrin v. Safrin, 205 App. Div. 628; Horsch v. Horsch, 206 App. Div. 710; Hutaff v. Hutaff, 208 App. Div. 745; Fried v. Fried, 230 App. Div. 708). But the contrary, also, has been held (Linnekin v. Linnekin, 96 Misc. 56; Altman v. Altman, 160 Misc. 600); and I followed those cases in Hemming v. Hemming (N. Y. L. J., Nov. 8, 1951, p. 1172, col. 2) and Thalheim v. Thalheim (N. Y. L. J., Nov. 21, 1951, p. 1326, col. 4). As is clearly pointed out in those cases, the practice is to try out the right to alimony and the amount thereof at one and the same time, and it hence is necessary for the plaintiff wife to have her evidence as to the husband’s means at the time she tries her right to alimony (see Boisnot v. Wilson, 95 App. Div. 489, 490; Freeman v. Miller, 157 App. Div. 715, 719). I hence conclude that an examination as to the husband’s assets and income is necessary and material and should be allowed. *60 Harding v. Harding (203 App. Div. 721, affd. 236 N. Y. 514); Brown v. Brown (209 App. Div. 835, affd. 239 N. Y. 518); Rosenthal v. Rosenthal (230 App. Div. 483); and Frank v. Frank (267 App. Div. 505) may not be directly in point inasmuch as they involved actions to set aside separation agreements, but I think that they repudiate the reasoning in Van Valkenburgh v. Van Valkenburgh (supra) and the similar cases above cited and in essence support the conclusion I have just stated.
The motion to vacate the notice of defendant’s examination before trial is therefore granted to the extent of striking out all except items 4 and 5 thereof, thus limiting the examination to defendant’s financial condition and ability to pay alimony. Books and papers relevant to that subject are to be produced upon the examination for use for all purposes authorized by section 296 of the Civil Practice Act. Let the examination proceed at Special Term, Part II of this court on October 30, 1952, at 10 o’clock in the forenoon.