Eugene F. Sullivan, J.
This is an action for separation commenced by the wife. She seeks to examine the defendant as to his assets, both real and personal, his income and his liabilities.
The plaintiff opposes the taking of the testimony on the ground that the same is not permitted in separation actions until it has been determined that the plaintiff is entitled to a separation. Apparently, in at least two of the departments, this procedure has been more or less followed, but it is interesting to note that, in these departments, the right to a separation is first determined and then, the matter held open for the taking of proof as to the defendant’s financial status before a referee, who either determines the amount of the alimony or makes a recommendation with respect thereto to the trial court.
In the Fifth Judicial District of the Fourth Department, this practice is not followed, because the issue, both as to the right to a separation, and if successful, the amount of the alimony, are determined at the one trial.
It would seem to this court that there can be no harm or injustice to the defendant if he were examined, pursuant to the notice. In his moving affidavit, the defendant sets forth that *100 he operates a theatre, that his business has been declining, and that its operation has showed a loss for the year 1952 in the sum of $6,000, that he owns no other real estate, except several vacant lots in New Jersey which are of small value, that he has no stocks, except four shares of bank stock, that he has no bonds, except a few Government ones, and that he has been contributing to the plaintiff more than half of his net income. Also, in his affidavit, he states that he has been contributing upwards of $340 a month to the plaintiff in addition to paying taxes, light, heat, telephone and repair bills in connection with the house which is occupied by the parties. It would seem to this court that the defendant has revealed in approximation his assets and income. On the basis of the foregoing, his income would be around $10,000 a year, since the figure of $340 a month totals $4,080, and taxes, repairs, light, heat and telephone would easily come to $920.
This court believes that, and can see no reason why not, the defendant should go a step further by giving the accurate figures to the plaintiff so that she may be prepared to proceed to trial.
On the argument of this motion, the court was informed that negotiations had been carried on between the attorneys for the respective parties with the hope of a separation agreement. The attorney for 'the plaintiff indicated that such an agreement could be worked out, but he did not feel that he should consent to any amount of alimony until he was fully and fairly apprised of the defendant’s assets and income. If it is impossible for the parties to live together, and a separation agreement could be worked out, it should be done to avoid litigation. For this reason alone, the taking of the defendant’s testimony should be permitted.
The modern trend in our practice is more and more to permit the taking of the testimony of any parties or witnesses in an action which is material and necessary. Certainly, testimony as to defendant’s financial condition and ability to pay alimony are material and necessary.
This court can see no reason for making a separation action an exception, except the one propounded, namely, that a willful ¡wife could harass her husband by seeking information as to his income and assets when there is no merit to her cause of action. Such does not seem to be the case here. The fact that this case had been on two terms of court, and that the notice for the examination was served when it was set down for trial ■near the end of the second term, only for the purpose to have the cause of action put over the term, is not too serious. This *101 objection on the part of the plaintiff may be overcome by this court’s setting the matter down for trial by placing it at the head of the Day Calendar for October 5, 1954. In so doing, this court feels that the Justice presiding at the October Equity Term for Onondaga County will co-operate in disposing of this case at that term. To this end, the attorneys for the respective parties herein should have no excuse for not proceeding with the trial to the end that the matter may be disposed of at the next Equity Term in Onondaga County.
This court has read, with great interest, the briefs of the respective attorneys. There is a diversity of opinion as to the propriety of the taking of testimony with regard to the financial status of a husband in a separation action but recent decisions seem to favor the practice, unless a serious question is raised as to good faith, legitimate purpose or reasonable scope of the examination. (Dorros, Inc. v. Dorros Bros., 274 App. Div. 11.)
This court is particularly impressed by the reasoning of Mr. Justice Walter in his opinion in Jasne v. Jasne (10 Misc 2d 59).
The examination pursuant to section 288 et seq. of the Civil Practice Act and rule 121-a of the Rules of Civil Practice should be held at such time as may be agreed between the attorneys. The testimony to be taken shall be limited to the husband’s assets and income.
Order accordingly.