KITTY G. BUCKLEY, Plaintiff, v. WILLIAM BUCKLEY, Defendant.

Supreme Court, Special Term, New York County, October 5, 1954.

*Samuel H. Goldman* for defendant.

*Paul O'Dwyer* for plaintiff.

MATTHEW M. LEVY, J. This is a motion by the defendant husband to vacate the plaintiff wife's notice to examine him before trial. The complaint contains two causes of action — one for separation on the grounds of claimed abandonment and nonsupport, and the other to recover moneys that the plaintiff alleges she was required to expend for necessaries for herself. The stipulations and communications between counsel do not

so clearly indicate that defendant intentionally waived his right to object to the examination as to warrant invoking the principle of estoppel relied upon by the plaintiff. I shall therefore consider the motion on the merits.

The plaintiff seeks to examine the defendant as to (1) alleged unjustifiable abandonment and nonsupport, " and all the relevant facts and circumstances surrounding same "; (2) the defendant's employment, income and assets; (3) the plaintiff's being compelled to support herself and her expenditures in that behalf, and (4) " all the facts and circumstances relative and material to the plaintiff's claim and cause of action set forth in the complaint herein ". Obviously, items 1 and 4 are too broad (*Tausik* v. *Tausik*, 280 App. Div. 887), and general examinations before trial are still not favored in matrimonial actions, unless special circumstances are shown (*Field* v. *Field*, 281 App. Div. 657; Sup. Ct., N. Y. Co., Trial Term Rules, rule XI, subd. 6). Item 3 is objectionable too. Whether the plaintiff supported herself, the amount of moneys she expended, and the necessaries she purchased on her own, are issues upon which she would presumably have more knowledge than defendant. Moreover, the asserted liability of the defendant for alleged necessaries purchased by plaintiff is also dependent upon at least one phase of the separation action — claimed failure to support.

The only item which gives me pause therefore is No. 2 — as to defendant's occupation, earnings and financial status. The precedents do not seem to be in agreement as to whether, in advance of the trial of a matrimonial action, a wife should be enabled to examine her husband as to his income and assets. Some courts hold that plaintiff must first establish her case in chief before she can examine into her husband's finances. Others hold that since the usual practice is to hear both issues at the same time, confusion will be avoided and time will be saved by a pretrial examination. Whichever is the correct view in general (see 5 Carmody-Wait on New York Practice, ch. 42, § 33, and 1 McCullen on Examinations Before Trial [rev. ed.], §§ 197–202), it seems to me that a pretrial inquiry is indicated where the wife sues for a separation upon the ground of nonsupport or inadequate support, for then the very nature of the action is in part grounded upon her husband's vocation and his employment, and the amount of his income and assets. Should she then — whatever her ignorance or the inadequacy of her sources of information on the subject — be compelled to await the trial itself for the necessary inquiry? I think not.

I can see that the situation would be quite different if the plaintiff's cause of action were based, for example, upon the defendant's adultery or cruelty or his physical (as distinguished from his economic) desertion of the plaintiff. In such case, the two issues of complaint and alimony are not so integrated as to warrant an examination as to the defendant's finances until the plaintiff has first established her basic right to a divorce or a separation. The trial court — once the claim in chief is proved — can so control the next phase of the presentation of the evidence as to allow interim examination or discovery or to continue to take testimony at the trial itself, or perhaps to utilize the services of an official referee to hear and report with his recommendations.* At that time, undoubtedly, the trial court is in better position to determine what the next procedural step should be. In the case at bar, on the other hand, the gravamen of the wife's causes of action being insufficient support, the husband's finances are part and parcel of her case in chief.

The exercise of judicial discretion in such case is not prohibited. Under the circumstances here, the defendant's motion to vacate the notice of examination is denied as to item 2. Settle order, providing for time and place of the examination and for production of records in pursuance of section 296 of the Civil Practice Act.

*I am not unmindful of *Yudell* v. *Yudell* (282 App. Div. 649), but that involved a reference (1) to a private referee, and (2) for alimony *pendente lite*.