Henry A. Hudson, J.
The plaintiff in the above-entitled action has instituted an action for separation. The defendant served a general denial and a counterclaim for separation in which she alleges some 10 specific instances of cruel and inhuman treatment for which she requests affirmative relief including support and maintenance for herself and her children.
The. parties have submitted numerous authorities on the question of the right of a wife to examine a husband in a separation action before trial. Originally such an examination was not permitted until the right to a separation had first been established. (Van Valkenburgh v. Van Valkenburgh, 149 App. Div. 482.) With the extension of the use of examinations before trial this rule has been modified so as to permit in matrimonial actions an examination of a husband as to matters relating to his income and assets. This right to examination is based upon the premise that without information as to the husband’s income or assets, the wife is not in a position to present sufficient proof for the court to properly determine the amount of support and maintenance to which she should be entitled.
In Jasne v. Jasne (N. Y. L. J., Oct. 29, 1952, p. 934, col. 3) Mr. Justice Walter, after discussing the leading cases on the subject, granted the right to a wife to examine her husband as *656 to his financial condition and ability to pay alimony and pointed out that the reasoning of the court in Van Valkenburgh v. Van Valkenburgh (supra) and similar cases had been repudiated. As pointed out by Justice Eugene Sullivan in Vlassopulos v. Vlassopulos (Supreme Ct., 5th Judicial Dist., July 17, 1954), the practice in the First and Second Departments varies somewhat from that in this department in that the question of support and maintenance is referred to an official referee so that ample opportunity is afforded to the wife to obtain information as to the income of the husband in proceedings before the referee. In this department, at least in the Fifth Judicial District, the practice is to determine the question of alimony at the time o'f the trial of the action. In Vlassopulos v. Vlassopulos (supra) the right to examine the husband in advance of the trial of the action as to his income and assets was recognized and granted.
The papers before the court in the present motion are insufficient to satisfy me that there is any necessity for an examination of the plaintiff as to the business or records of a corporation which is asserted to be a wholly owned corporation, namely, Onondaga Foods Inc., or for the examination of the bookkeeper of such corporation. There is no answering affidavit upon this motion or other proof that the financial condition of this corporation is in any way material. The only information set out by the wife as to the business of the husband is that he operates a restaurant and owns real estate from which he derives additional income. The moving party has asserted upon the argument of the motion that there is a further motion for temporary alimony and counsel fees and the court cannot determine whether the purpose of the examination is to obtain information for use upon the motion for temporary alimony and counsel fees or whether it is for the establishment of the counterclaim which the moving party states was not served until after the notice for the examination.
Inasmuch as both parties have submitted the question on this motion upon the merits, I will decide the same accordingly. I am of the opinion that under the circumstances the defendant should be permitted to examine the plaintiff as to his income and personal assets including such of his personal books and records which have to do with his income for the year 1955. She is not entitled to examine the plaintiff or H. F. Timmerman, the bookkeeper for the Onondaga Foods, Inc. as to any of the business affairs of such corporation or the details thereof or to examine the books or records of such corporation, it being considered by the court that the examination of the plaintiff as to his assets and income is sufficient to permit the .defendant to *657 ascertain any income he has received from the corporation and the amount of stock and the value thereof which he owns in the corporation, if any.
The motion insofar as it is granted, is granted, without costs, and an order may be submitted authorizing an examination to the extent herein provided.