Marcus G. Christ, J.
In an action for a separation the defendant moves to vacate the plaintiff’s notice to examine him before trial concerning his assets, property, earnings, financial condition and the living expenses of the parties from January 1, I960 to date. In four separately stated causes of action plaintiff asserts four alleged grounds entitling her to a judgment of separation, namely, abandonment, cruel and inhuman treatment, conduct making cohabitation unsafe and improper and, finally, failure and refusal “to make adequate contribution for the support and maintenance of the plaintiff and the children of the parties” which the plaintiff alleges constituted “ neglect ” of the plaintiff.
*499 In the absence of a showing of the existence of special circumstances, the plaintiff is not entitled to examine the defendant before trial prior to establishing her right to a judgment of separation. It is the plaintiff’s contention that she is entitled to an examination before trial because her action is in part based on “ neglect It is thus apparent that in seeking this examination before trial, the plaintiff is not claiming that she is entitled to such an examination insofar as her action is based on alleged abandonment, cruel and inhuman treatment or conduct making it unsafe or improper to cohabit. She relies on the fourth cause of action in the complaint which she characterizes as one for “neglect”. It is open to serious question whether the fourth cause of action as stated in the complaint states a cause of action at all. The right to maintain an action for a separation is statutory in nature and the grounds upon which such an action may be based are enumerated in subdivisions 1 to 4 inclusive of section 1161 of the Civil Practice Act. There is no ground of ‘ ‘ neglect ’ ’ therein stated. Under this portion of section 1161, it is not the neglect by defendant of the plaintiff which provides the basis for maintaining a separation action, but rather the neglect or refusal of the defendant to provide for the plaintiff. If the fourth cause of action were to be regarded liberally as intended to allege a cause of action either for nonsupport or inadequate support, it nevertheless is of questionable validity since there are no facts therein alleged showing either nonsupport or inadequate support. The allegations directly dealing with the matter of providing for the plaintiff are wholly conclusory and in no way factual. Consequently, even if the court were to consider that the fourth cause of action is based on nonsupport, which in the light of the language pleaded it cannot, that would be insufficient to establish the special circumstances required to justify a departure from the general rule denying examinations before trial in matrimonial actions (Hurwitz v. Hurwitz, 3 A D 2d 744; Liebmann v. Liebmann, 3 A D 2d 660). The motion to vacate the notice of examination before trial is granted.
Settle order on notice.