Henry A. Hudson, J.
This is a motion made by the defendant to vacate the notice of examination before trial of defendant herein on the ground that the information sought herein by such examination is neither material nor necessary for the prosecution of the instant action; that the same is contrary to public policy and obviously intended for improper and ulterior motives; that in effect plaintiff seeks to cross-examine the defendant in advance of trial concerning the evidence to be produced by defendant in support of his defense; that there is no sanction in law allowing examinations of such scope and character and that the matters to be covered by such testimony are immaterial to the issues to be herein determined and are intended solely to harass the defendant.
*645 The plaintiff urges that such information is a necessary and material part of her proof upon the trial. (Lirmekin v. Linnekin, 96 Mise. 56; Altman v. Altman, 160 Misc. 600; Buckley v. Buckley, 206 Misc. 981.)
From a reading of the complaint, answering affidavit and reply to the counterclaim it is clear that the gravamen of the plaintiff’s cause of action is insufficient support and the husband’s finances, income and assets are part and parcel of her case in chief. (Buckley v. Buckley, supra, p. 983.) This court has heretofore held in Stitt v. Stitt (2 Misc 2d 655) that a wife is entitled to an examination of a husband as to material matters relating to his income and assets in a separation action. It is still of the same opinion. The circumstances are no different in the motion here under consideration and as stated in Stitt v. Stitt (supra, p. 655): “With the extension of the use of
examinations before trial this rule has been modified so as to permit in matrimonial actions an examination of a husband as to matters relating to his income and assets.”
The plaintiff may examine the defendant as to the extent of his income during 1957 and he shall produce his personal books and records having to do with his income for the year 1957. The plaintiff may also examine the defendant as to any real and personal property owned by him during the year 1957. This should be sufficient to enable her to properly prepare for the trial of the action. The exercise of discretion by the court in such a case is not prohibited.
The plaintiff is not entitled to examine the defendant as to any of the other items as set forth in the notice other than as above allowed.
The motion of the defendant is denied, with $10 costs to abide the event, and an order may be submitted authorizing plaintiff’s examination of the defendant to the extent herein provided.