J. Irwin Shapiro, J.
The plaintiff, by this motion, seeks ‘ ‘ an order granting the plaintiff leave to take the deposition of the defendant before the trial of this action at a date certain as fixed by this Court ’ ’ and ‘ to examine the defendant so as to ascertain what his earning capacity and financial -status are at this time.”
The action is one in which plaintiff wife seeks a decree of separation on the ground of cruel and inhuman treatment.
In her moving papers, seeking to justify the examination into her husband’s financial condition, she alleges that “ It is claimed by the defendant that the only source of income he has is the money he gets from the Veterans Administration for his disability ” but “ The defendant has a criminal record and it is impossible to determine without examination what his true financial status is ” and that “ Before his arrest, he was bringing home money and told his wife that he was making this money from ‘business transactions’.” There are other contentions in the moving papers to like effect.
The defendant opposes the motion by an affidavit of his attorney in which it is stated that “ there is in the record [on the original motion for alimony and counsel fees] a statement in the affidavit by the defendant, sworn to August 6, 1958 that his only income is that which he receives from the Veterans Administration. ’ ’
Heither side apparently think this application of sufficient moment to cause the citation of a single case, one way or the other, to the court. Of course, if the plaintiff had a right to an examination before trial, the mere fact that the defendant, or opposing party, asserts the negative of what the examining party is seeking to establish is no reason whatever for the *910 denial of the examination being sought, and in fact might well be a strong supporting reason for ordering such examination. (Bissell v. Winchell, 205 Misc. 877; Royce v. Ziegfeld, 224 App. Div. 651; Maria v. Bower, 134 Misc. 800; Slattery v. Parsons, 17 N Y S 2d 6,12.)
But, this being a matrimonial action, the courts, at least in the First and Second Departments, have consistently held that in the absence of special circumstances a general examination before trial will not be allowed in such an action. (Argondizza v. Argondizza, 284 App. Div. 976 [2d Dept.]; Hurwitz v. Hurwitz, 3 AD 2d 744 [1st Dept.].)
Even if the complaint here were predicated on non or insufficient support that would not be a special circumstance for taking the case out of the general rule against examinations before a trial in matrimonial cases. Thus the Appellate Division, in the Hurwitz case (supra) said that, “ The mere fact that one of the causes of action alleged in the complaint is based on nonsupport is insufficient to establish special circumstances * * * which would warrant a departure from the general rule denying examinations before trial in matrimonial actions.”
The latter decision is in line with the oft-stated rule that examinations before trial of the husband’s financial ability to pay alimony are denied in matrimonial actions upon the theory that in advance of establishing her right to relief by obtaining an interlocutory judgment, the wife should not be permitted to inquire into the husband’s financial affairs. (Safrin v. Safrin, 205 App. Div. 628; Mendel v. Mendel, 230 App. Div. 869; Fitzpatrick v. Fitzpatrick, 257 App. Div. 824; Schultz v. Schultz, 258 App. Div. 971.) That is the present rule also in the Second Department. (Muss v. Muss, 10 Misc 2d 498.)
In the Fifth Judicial District, however, the right of the wife to examine the husband in advance of trial in a matrimonial action as to his income and assets is recognized. (Stitt v. Stitt, 2 Misc 2d 655; Sachs v. Sachs, 11 Misc 2d 644.)
For the reasons stated, the motion of the plaintiff to examine the defendant as to his financial condition is denied.
Submit order.