Daniel J. O’Mara, J.
Because of claimed fraud practiced upon the plaintiff by the defendant, the plaintiff now seeks a declaratory judgment against the defendant to declare null and void a separation agreement, a power of attorney, and a Mexican decree of divorce obtained by the defendant subsequent to the execution of the separation agreement and in which divorce action the plaintiff herein appeared.
The plaintiff further seeks a judgment decreeing that she is the lawful wife of the defendant and that she be given a decree of separation from the defendant containing a provision for adequate support for herself and of the issue of the marriage, whose custody the plaintiff likewise seeks in her claim to a separation decree. The plaintiff seeks further for a direction of the court setting aside the transfer from the plaintiff to the defendant of certain stock and real property or in the alternative, paying to her the value of her interest in the said stock and real property.
The plaintiff now moves to examine the defendant before trial as to any and all assets owned by the plaintiff and the defendant jointly as tenants by the entirety, or any assets that the plaintiff had an interest in and which she conveyed to the defendant in the years 1957 and 1958, and the plaintiff further seeks to examine the defendant pertaining to all assets of all kinds and nature which he presently owns.
The right to an examination before trial in a matrimonial action for the purpose of ascertaining the husband’s assets and income has received extensive consideration by the courts of this State, resulting in two schools of thought. One school holds to the theory that before an examination as to the husband’s assets and income can be had, the wife must first establish her right to a separation. The other school holds that the wife should have the right to examine the husband as to his assets and income before trial, and for the reason that the extent of the husband’s assets and income is one of the material issues for the wife to establish in cases in which she is entitled to a decree of separation with alimony.
The leading cases on both sides of this controversial issue are set forth in a decision by Justice Walter at Special Term, New York County, in the case of Jasne v. Jasne (10 Misc 2d 59). Reference is also made to a decision of Justice Matthew M. Levy at Special Term, New York County, in the case of Buckley v. Buckley (206 Misc. 981).
If this were the usual and ordinary action for separation or one in which the plaintiff sought to set aside the provisions for support in a separation agreement as being inadequate, and the *574 plaintiff desired to examine the defendant as to Ms assets and income before trial, I would resolve my discretion in favor of permitting the examination. But in tMs action before the plaintiff is in a position to present her evidence for a legal separation she must first establish the invalidity of the Mexican decree of divorce which the defendant admits that he obtained by Ms answer in this action, and in wMch it appears to be conceded that the plaintiff herein appeared. Therefore, it is not believed that the defendant should be subjected to an examination as to his assets and income at this stage of the proceedings, and in the exercise of discretion plaintiff’s motion for an examination of the defendant before trial is denied, without prejudice and without costs.
Submit order accordingly.