J. Irwin Shapiro, J.
Motion by defendant to vacate plaintiff’s notice to examine him before trial in this action for separation grounded upon three causes of action (1) cruelty, (2) abandonment, and (3) inadequate support.
The notice seeks to examine defendant ‘ ‘ with respect to relevant and material allegations of fact put in issue by the pleadings in the action.” The notice is, of course, entirely too broad for this type of action. Plaintiff apparently recognizes that fact, for, in her counsel’s affidavit, he indicates that what he seeks is an examination “ to obtain the evidence necessary to establish as part of plaintiff’s prima facie case, the defendant’s income, earnings and finances.”
In Kirshner v. Kirshner (7 A D 2d 202), the Appellate Division, Second Department, reversed its previous holdings denying examinations before trial generally in matrimonial actions and adopted a new rule saying: “We have heretofore denied, as a matter of policy, examinations of husbands as to assets and income in matrimonial actions [citing cases] unless special circumstances were presented [citing cases]. The denials were based on the ground that support was not in issue until a wife had established her right to judgment. * * * This rule is not consonant with present practice (Jasne v. Jasne, 10 Misc 2d 59). The granting or denial of a motion for examination of a husband before trial as to his financial status should be left to the sound discretion of the Special Term.”
*883 Shortly thereafter, in Campbell v. Campbell (7 A D 2d 1011), the same court elucidated upon its holding in the Kirshner case, saying: “ By the determination in Kirshner v. Kirshner (supra) this court did not rule that the Special Term necessarily abuses its discretion when it denies a motion for an examination before trial as to a husband’s finances in a matrimonial action. In our opinion, the Special Term in the proper exercise of its discretion should ordinarily grant a motion for an examination before trial as to a self-employed husband’s financial circumstances when the wife can have no real, personal knowledge of the husband’s income — if the husband does not contest the wife’s right to a decree in her favor — in the absence of special circumstances indicating that the motion should be denied. In our opinion, the Special Term, in the proper exercise of its discretion, in a matrimonial action, should ordinarily deny a motion for an examination before trial as to a husband’s financial circumstances when the husband contests the wife’s right to a decree in her favor — in the absence of special circumstances indicating that it would be proper to grant the motion.”
The burden of showing the necessity of an examination before trial and thereby obtaining the exercise of a “ sound discretion of the Special Term” (Kirshner, supra) in her favor is upon the wife. She has here shown no special circumstances warranting an examination as to the husband’s finances in advance of the determination of her right to a decree of separation.
Accordingly, and based upon the authority of the Campbell case (supra), which holds that “ Special Term, in the proper exercise of its discretion in a matrimonial action, should ordinarily deny a motion for an examination before trial as to a husband’s financial circumstances when the husband contests the wife’s right to a decree in her favor — in the absence of special circumstances indicating that it would be proper to grant the motion ’ ’, the application of the defendant to vacate the plaintiff’s notice to examine him before trial is in all respects granted.
Submit order.