Howard A. Zeller, J.
In this separation action by plaintiff Betty J. Berlin, and in which defendant Arnold 0. Berlin has counterclaimed for divorce, the plaintiff has served a notice of an examination before trial of defendant concerning his occupation, earnings, financial status and ownership of personal and real property from the year 1956 to April 14, 1959, the date of the notice. The notice also requires defendant to produce upon the examination all of his personal books and papers relative to the same items and period. Defendant moves for an order vacating the notice of examination on the grounds that in a matrimonial action the plaintiff has no right to a pretrial examination concerning defendant’s assets and income as ability to support is not a material issue until plaintiff has established her right to an interlocutory decree of separation.
Precedents in this State are not in agreement on whether the wife should be allowed in a pending matrimonial action to examine her husband concerning his assets and income. (Kirshner
*769 v. Kirshner, 7 A D 2d 202; Hurwits v. Hurwits, 3 A D 2d 744 [23] ; Goshin v. Goshin, 281 App. Div. 979; Van Valkenburgh v. Van Valkenburgh, 149 App. Div. 482; Bramer v. Bramer, 15 Misc 2d 572; Vlassopulos v. Vlassopulos, 10 Misc 2d 99; Jasne v. Jasne, 10 Misc 2d 59; Buckley v. Buckley, 206 Misc. 981.) However, as astutely recognized by Justice Sullivan in the Vlassopulos case, the first two Judicial Departments which in the past have most consistently denied such pretrial examinations follow a standard practice of having the separated issue of support heard before a Referee after the trial on the merits. This practice allows a full exploration of the husband’s financial ability at the Referee’s hearing. (See Tavalin v. Tavalin, 13 Misc 2d 909; cf. Kirschner v. Kirschner, supra.) This is not the procedure in the Sixth Judicial District of the Third Judicial Department, nor does it appear to be the usual practice in the Fifth Judicial District of the Fourth Judicial Department (Vlassopulos v. Vlassopulos, supra; Stitt v. Stitt, 2 Misc 2d 655). In both districts the merits of the action and the question of support are usually determined at the trial. As the opinion in the Stitt case points out, where all issues are determined in a single trial, the wife may not be in a position to present sufficient proof for the court to properly determine a reasonable amount of alimony and support unless she is permitted to examine her husband before trial concerning his financial ability. (Buckley v. Buckley, supra.)
The purpose of an examination before trial is to afford both parties a fair opportunity to obtain such necessary and material facts pertaining to anticipated trial issues as good faith, legitimate purpose and expedition of the judicial process dictate. (Civ. Prac. Act, § 288; Dorros, Inc., v. Dorros Bros., 274 App. Div. 11.) A general examination before trial in a matrimonial action ordinarily is not allowed. The reasons therefor are not applicable to an examination confined to the defendant husband’s assets and income, which are necessary and material facts to the’ final determination of an action in which relief is granted. (Jasne v. Jasne, supra.) The granting of such a limited examination is not only in accord with modern procedural practice, but also serves to avoid trial delays. (See Yudell v. Yudell, 282 App. Div. 649.)
Defendant also contends that he fears the examination could exceed its scope and result in a “ fishing expedition ” into the merits and substantive issues of both the separation action and his counterclaim for divorce. Where the scope of the examination is expressly limited to the husband’s financial condition and ability to support, the defendant’s fears of a fishing expedition are groundless. (See Sachs v. Sachs, 11 Misc 2d 644; Vlassopulos v. Vlassopulos, 10 Misc 2d 99, supra.)
*770 The only issue of the marriage is a child under the age of two years and currently in the plaintiff’s custody. From the pleadings and defendant’s affidavit, it appears that the plaintiff presently is employed, and that plaintiff’s parents are caring for the child at least during plaintiff’s working hours. Defendant argues that these circumstances show neither such hardship nor other special circumstances as in the past have provided a foundation in some cases for granting an examination of the husband as to his assets and income in a pending matrimonial action. Where the practice is to try out at the same time both the right to alimony and maintenance and also the amount thereof, the granting of a pretrial examination as to a husband’s financial ability does not depend on the existence of either hardship or special circumstances as defendant claims. The proper basis for allowance is a real need on the wife’s part to uncover and develop all the necessary and material facts concerning the husband’s financial ability as should be shown in her case at trial to enable the court to make an intelligent and proper decision regarding alimony and support. (Vlassopulos v. Vlassopulos, supra; Jasne v. Jasne, supra.)
Defendant’s motion should be denied. As the parties were married on December 22,1957, no reason appears for an examination of defendant concerning his occupation, earnings, financial status and ownership of personal and real property during the years 1956 and 1957 and the examination should be directed to Ms occupation, earmngs, financial status and ownership of personal and real property during 1958 and to the date of the examination in 1959. Books and papers concerning the same items need only be produced for the same period. Plaintiff may reschedule the examination upon 10 days’ notice.
Plaintiff’s counsel should submit order accordingly.