Behjamih Breeher, J.
This is a strenuously contested separation action. Defendant husband moves to vacate a notice *998 for Ms examination served upon Mm under rule 121-a of the Rules of Civil Practice and to quash a subpoena served upon his employer, a New Jersey corporation. He argues that an examination in a matrimonial action may be had only upon an order therefor, obtained pursuant to section 292 of the Civil Practice Act, based on a showing of special circumstances.
The views in the several judicial departments are not in agreement on the question. (Hurwitz v. Hurwitz, 3 A D 2d 744 [1st Dept.]; Sachs v. Sachs, 11 Misc 2d 644 [4th Dept.]; Berlin v. Berlin, 17 Misc 2d 768 [3d Dept.].) Confining myself to the decisions in this Department, a case which appears to have directly ruled on the subject is Wightman v. Wightman (7 A D 2d 859). The court there stated that rule 121-a had not affected the principle that examinations before trial in matrimonial actions are allowable only where special circumstances are shown to exist and then only as to particular issues. It then proceeded to vacate the notice on the ground that the general form of statement permitted by rule 121-a was too broad. Subsequently that appellate court somewhat liberalized the rather restrictive rule, at least in regard to examinations of a husband’s finances in matrimonial actions. (Kirschner v. Kirschner, 7 A D 2d 202; Campbell v. Campbell, 7 A D 2d 1011.) In the Campbell case the court laid down a guiding rule for Spacial Term: “ In our opinion, the Special Term in the proper exercise of its discretion should ordinarily grant a motion for an examination before trial as to a self-employed husband’s financial circumstances when the wife can have no real, personal knowledge of the husband’s income — if the husband does not contest the wife’s right to a decree in her favor — in the absence of special circumstances indicating that the motion should be denied. In our opinion, the Special Term, in the proper exercise of its discretion in a matrimonial action, should ordinarily deny a motion for an examination before trial as to a husband’s financial circumstances when the husband contests the wife’s right to a decree in her favor — in the absence of special circumstances indicating that it would be proper to grant the motion.”
Having liberalized the area of examination, the problem remains as to whether the ruling in the Wightman case has thereby been affected in respect of the need for an order. In Campbell, the court speaks of the discretion of the Special Term being exercised where there is a motion for an examination and this would appear to support defendant’s contention. In Swantron v. Swantron (13 A D 2d 989) the court vacated the notice to examine on the ground that special circumstances had not been shown, but did not consider whether the examination *999 could be sought through a notice. There thus appears to be no clear ruling on the question subsequent to the Campbell case.
In view of the limitations set for examinations in matrimonial suits and the need to show special circumstances, I believe that in contested suits the examination should be sought only by way of motion. The party seeking same would then be in a position to show the need therefor and the court could pass thereon without the necessity for a preliminary hearing on a motion to vacate a notice. The motion to vacate the notice is therefore granted.
I would in any case be constrained to grant this motion as the affidavit in opposition which attempts to show special circumstances is by the attorney rather than by the plaintiff herself. One of the ingredients of the special circumstances is that the wife “have no real personal knowledge of the husband’s income ” (Campbell v. Campbell, supra), and she alone can claim lack of such knowledge.
Since the subpoena was issued in connection with the notice and requires the production of books, etc., at such examination, it must of necessity be eliminated. The branch of the motion which requests the quashing of said subpoena is also granted.