Morrie Slifkin, J.
In this contested action for separation, the plaintiff wife has moved to examine the defendant with respect to his financial status, to examine certain books and records of corporate entities which are claimed to be the alter egos of the defendant and to examine certain nonparties, to wit, the defendant’s brother and an accountant. The motion is granted to the extent hereinafter set forth.
The perplexing, but in this court’s opinion, unfounded distinction between the rules relating to such examinations as announced by the First and Second Judicial Departments, is no longer justified. Heretofore, the First Department has generally denied such examinations unless there is a showing of special circumstances (Hunter v. Hunter, 10 A D 2d 291 and Matter of Ohrstrom, 31 A D 2d 797); and the courts of the First Department have denied examination where the relief sought in the matrimonial action is contested. (Van Valkenburgh v. Van Valkenburgh, 149 App. Div. 482.) On the other hand, the Second Department has permitted such examinations if, in the court’s discretion, justice would best be served. (Campbell v. Campbell, 7 A D 2d 1011; Gross v. Gross, 8 A D 2d 951; Kirshner v. Kirshner, 7 A D 2d 202; but, see, contra, Miles v. Miles, 32 A D 2d 553.) The philosophy underlying denial of such examinations is predicated upon the rationale, (1) that such pretrial examinations serve as an exacerbating circumstance, thereby barring a possible reconciliation (Hunter v. Hunter, supra), and (2) that support is not in issue until the person seeking matrimonial relief has established her right to that relief. (Van Valkenburgh v. Van Valkenburgh, supra.)
The liberal procedures of the C'P-LB seeking to simplify and speed up trial procedures and the enactment of amendments to the Domestic Belations Law creating a .Conciliation Bureau and enlarging the powers of this court in dealing with matrimonial issues persuades this court to the conviction that limited examinations before trial under proper circumstances, to establish the preseparation standard of living and/or the husband’s ability to support the wife and issue of the marriage, if any, should be granted. (Matter of Hirsch v. Hirsch, 53 Misc 2d 938.) Further, the concept that such examinations should be denied unless the wife first establishes her right to matrimonial relief, thereby creating a “two-stage” trial, is not consistent with *1044 present-day law. (Jasne v. Jasne, 10 Misc 2d 59, and the dissent [Benjamin, J.] in Miles v. Miles, supra.) Although the very limited state of facts accompanying the holding in the Miles case may cast some doubt on prior decisions by the Appellate Division, it is not felt by this court that it overrules previous decisions to the effect that this court still retains discretion to determine whether such an examination is proper under all circumstances. (Gross v. Gross, supra.)
Considering the instant case, the plaintiff has clearly demonstrated that she has no knowledge concerning her husband’s financial circumstances and status, nor has the husband made a full disclosure except only to state that in his opinion he is financially able to pay any order of support fixed by this court. The defendant has furnished his income tax returns for the years 1965,1966 and 1967. The defendant is directed to produce his 1968 return and is to be examined by the plaintiff with respect to all of the foregoing income tax returns, said examination to be limited to those facts bearing upon the preseparation standard of living and the defendant’s ability to support the plaintiff and the issue of the marriage in accordance with their standard of living. This decision is without prejudice to a future application by plaintiff to examine nonparties to this action if the facts adduced at such examination dictates the necessity of such examination.
Through a companion motion, plaintiff moves to vacate the note of issue filed by the defendant on the ground that it is filed prematurely. This motion, for the purpose of convenience, is consolidated with the instant motion. In view of the decision granting an examination before trial of the defendant, the court is of the opinion that this trial will take place during the June, 1969, term. Under these circumstances, the motion to vacate the note of issue is denied.