■ BULOVA WATCH COMPANY, INC., Respondent-Appellant, v. BENRUS WATCH CO., INC., et al., Appellants-Respondents.— Action to recover damages for alleged intentional injury to plaintiff's business and to enjoin the alleged injurious acts. Order dated September 25, modifying defendants' notice of examination, modified by adding " (b), (c) and " between " 4 " and " (d) " in the first ordering paragraph. As thus modified, order affirmed, without costs. Order modifying plaintiff's notice of examination and order modifying defendants' demand for a bill of particulars, both dated September 25, 1956 and order dated November 5, 1956 denying defendants' motion to vacate or modify items 6 and 10 in plaintiff's notice of examination, affirmed, without costs. Items 4 (b) and 4 (c) in defendants' notice of examination should have been deleted as unnecessary. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ GLADYS BROOK, Appellant, v. HARRY BROOK, Respondent.— In a consolidated action by a wife to declare invalid a Mexican divorce obtained by her husband, to declare her to be his wife, for a separation, and to set aside a separation agreement on the ground that the support provisions for the child of the parties are inadequate, the wife appeals from so much of a judgment entered after trial before an Official Referee as (1) dismisses the cause of action for separation and (2) dismisses the cause of action to set aside the separation agreement. Judgment insofar as it dismisses the cause of action for separation affirmed, without costs. No opinion. Judgment insofar as it dismisses the cause of action to set aside the separation agreement reversed, action severed, and a new trial granted, with costs to appellant to abide the event. In our opinion, the judgment dismissing the cause of action to set aside the agreement because of the inadequate support provision for the child is against the weight of the credible evidence. The representation that respondent's earnings are "in excess of $12,000 " without disclosing the exact amount of his earnings, and his testimony that he never divulged his earnings to appellant did not constitute a full disclosure of his financial status. (*Ducas* v. *Guggenheimer*, 90 Misc. 191, affd. 173 App. Div. 884.) The obligation of a father for the support of his children is governed by their needs in relation to his financial ability. (*Van Dyke* v. *Van Dyke*, 278 App. Div. 446, affd. 305 N. Y. 671.) The courts are not bound by support provisions for children contained in a separation agreement but are mandated to provide for their support and welfare as "justice requires." (Civ. Prac. Act, § 1170; Domestic Relations Law, § 70; *Kunker* v. *Kunker*, 230 App. Div. 641; *Van Dyke* v. *Van Dyke, supra.*) Respondent's testimony as to his earnings and expenditures was evasive and confusing. It cannot be determined on the present record whether the support provisions were adequate. Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., concurs insofar as the judgment dismissing the cause of action for separation is affirmed, but dissents insofar as the judgment dismissing the cause of action to set aside the separation agreement is reversed, and votes to affirm the judgment with respect to that cause of action.