■ IDA PAGLIERO, Respondent, v. RAE R. BAFFA, Appellant.—In an action to cancel a deed to certain real property, the defendant appeals as follows from three orders of the Supreme Court, Queens County: (1) from so much of an order, dated April 22, 1964, as granted plaintiff's motion to strike out items 2, 3 and 5 of defendant's demand for a bill of particulars; (2) from so much of an order made the same date, as, with respect to plaintiff's motion to vacate defendant's notice to examine plaintiff before trial, granted such motion to the extent of striking out from such notice the provision requiring plaintiff to produce upon the examination certain records and documents; and (3) an order, dated August 5, 1964, which denied defendant's motion for reargument of the plaintiff's said two motions. Appeal from order of August 5, 1964, denying reargument, dismissed, without costs; no appeal lies from such an order. Order relating to defendant's demand for a bill of particulars, modified: (a) by striking out item 5 from its first decretal paragraph; and (b) by adding such item to its second decretal paragraph. As so modified, the order, insofar as appealed from, is affirmed, without costs. Plaintiff's time to serve her bill of particulars in compliance with the order as modified is extended until 20 days after entry of the order hereon. Order relating to defendant's notice of pretrial examination, insofar as appealed from, affirmed, with $10 costs and disbursements. The pretrial examination shall proceed on 10 days' written notice or at such other time as the parties may mutually fix by written stipulation. Concerning the demand allegedly made by plaintiff upon the defendant "to remove and vacate from the premises," the defendant is entitled to the particulars thereof as sought in item 5 of her demand for the bill of particulars; that is, the defendant is entitled to the substance of plaintiff's demand to vacate the premises; if oral, defendant is also entitled to the date and place of such oral demand; and, if written, defendant should have a copy of the writing (cf. *Penn-Texas Corp.* v. *Glickman*, 9 A D 2d 749). In our opinion, such information does not constitute evidentiary matter beyond the scope of a demand for a bill of particulars. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.