Joseph Life, J.
Upon the foregoing papers it is ordered that this motion by plaintiff for leave to examine the defendant with respect to his earnings and financial status is granted. He is directed to appear for his examination at Special Term Part II of this court, Room 05, (lower level) Supreme Court Drive, Mineóla, N. T. on June 8, 1970, at 9:30 a.m. The examination will be limited to those facts which are relevant on the issue of his income and assets.
Plaintiff alleges that she has no personal knowledge of the defendant’s income or of his financial resources. Courts had been reluctant to permit examinations before trial in matrimonial actions because of the possibility of aggravating the rift in the marriage (Campbell v. Campbell, 7 A D 2d 1011). However, the certificate required by section 215 et seq. of the Domestic Relations Law was issued this past February. This may indicate that the parties are irreconcilable and that the marriage is dead (cf. Gleason v. Gleason, 26 N Y 2d 28, 35).
Plaintiff believes that the defendant owns and operates a retail business. The defendant avers that he is merely an employee in the business owned and operated by his mother. In Campbell v. Campbell (supra, pp. 1011-1012) the court said: “ the Special Term in the proper exercise of its discretion should ordinarily grant a motion for an examination before trial as to a self-employed husband’s financial circumstances when the wife can have no real, personal knowledge of the husband’s income — if the husband does not contest the wife’s right to a decree in her favor — in the absence of special circumstances indicating that the motion should be denied. In our opinion, the Special Term, in the proper exercise of its discretion in a matrimonial action, should ordinarily deny a motion for an examination before trial as to a husband’s financial circumstances when the husband contests the wife’s right to a decree in her favor — in the absence of special circumstances indicating that it would be proper to grant the motion.”
In this court’s view, here the conditions which would justify the exercise of discretion in favor of plaintiff’s application have been made to appear. It has been stated, that since the decision in Campbell, the liberalization of examinations before trial in litigated matters; the removal of the danger of exacerbating the marital relationship; and finally, the advantage of enabling the parties, to present their proof and the resultant conservation of court time, all indicate that in proper circum *79 stances disclosure in matrimonial actions should no longer be as restrictive as was the case heretofore. 'Cf. Comment by Prof. David D. Siegel to CPLB 3101 (03101:15, p. 18, McKinney’s Cons. Laws of N. Y.) where he said (p. 20): “If, today, disclosure is sought to be restricted in a matrimonial case, the restriction should be imposed not because of any pervasive reservation about the matrimonial case generally, but for special reasons peculiar to the case at hand and taken cognizance of by the court by individual protective order under CPLB 3103.” (Cf. Matter of Hirsch v. Hirsch, 53 Misc 2d 938, 939; De Raffele v. De Raffele, 59 Misc 2d 1042, 1044; Kasden v. Kasden, 49 Misc 2d 743.)