BERNICE STERN, Appellant, *v.* CHARLES A. STERN, Respondent.

First Department, May 16, 1972.

*Sidney Rothenberg* of counsel (*Rothenberg & Kalman,* attorneys), for appellant.

*Philip F. Solomon* of counsel (*Samuel B. Solomon* with him on the brief; *Solomon & Solomon,* attorneys), for respondent.

McNALLY, J. We are called upon to decide whether or not a pretrial examination of a husband's finances should be granted in an uncontested matrimonial action in the light of *Plancher* v. *Plancher* (35 A D 2d 417, affd. 29 N Y 2d 880) in the absence of a showing of special circumstances indicating it would be improper to grant such a disclosure.

The plaintiff wife appeals from an order of ROSENBERG, J. denying her application to examine the defendant husband before trial with respect to his income and means.

Plantiff wife obtained a judgment of separation in May, 1966 on the grounds of abandonment, failure of support, adultery and cruel and inhuman treatment. Alimony was fixed at $100 a week, apparently based on the fact that the defendant earned approximately $15,750 plus a participation in a profit-sharing plan.

Plaintiff now claims that her husband is a vice-president of the firm which employs him and that his income has substantially increased. She alleges that she is completely in the dark as to the extent of the husband's assets and means.

In reply, defendant's counsel submits an affidavit in which he states the husband is nothing more than an ordinary employee and attaches a copy of his W-2 Form for 1971 and a copy of the 1970 income tax return.

Subsequent to the separation judgment, it appears that defendant had sufficient means to buy 100 shares of stock for a sum in excess of $10,000. Defendant has failed to submit any information as to his present stock holdings or securities or other assets.

Plaintiff advances the following reasons for the relief sought:

1. The alimony awarded previously granted in the separation action is not binding on the court in this action for divorce.

2. The only issue in this action is the amount of support to be awarded to plaintiff.

3. Plaintiff has no means of ascertaining her husband's income or resources in the six years since their separation.

4. Plaintiff and defendant have been married for 30 years. Their one child is emancipated.

5. After the judgment of separation, defendant obtained an ex parte Mexican divorce and remarried.

6. Plaintiff is age 57 years and is not in the best of health.

7. Plaintiff has been unable to meet the increased cost of living and at the same time pay taxes on her only income—the money she receives from defendant.

The court below denied the application on the ground that while the husband's income may have increased since the entry of the decree, there is no factual showing of a change in the wife's financial needs. Consequently an examination is not warranted.

In *Plancher* v. *Plancher* (*supra*) our Court of Appeals affirmed the Appellate Division, Second Department, ordering a pretrial financial examination. That opinion reads in pertinent part as follows (p. 422): "We have held that ordinarily disclosure of a husband's finances should be directed, where the right of a decree is not seriously resisted and no special circumstances exist indicating that it would be improper to grant such disclosure (*Campbell* v. *Campbell*, 7 A D 2d 1011; *Pearson* v. *Pearson*, 30 A D 2d 927). * * * The defendant has submitted no countervailing circumstances which render improper the disclosure of her financial condition. In this perspective, the disclosure requested by the interrogatories plainly serves the objective of adequate preparation of the parties for trial and the orderly and expeditious conduct of the trial."

In the case at bar, the defendant husband does "not seriously resist" the action for divorce; he affirmatively admits the allegations of the complaint and joins in plaintiff's prayer for judgment in her favor. Nor does he show any special circumstances indicating that it would be "improper" to direct disclosure of his present income and means.

Heretofore, this court has consistently held that an examination before trial as to finances will not be granted in a matrimonial action in the absence of a showing of special circumstances, and that the mere fact that the action is uncontested does not constitute a special circumstance (*Hunter* v. *Hunter*, 10 A D 2d 291, rearg. and lv. to app. den. 10 A D 2d 937; *Nomako* v. *Ashton*, 20 A D 2d 331; *La Mura* v. *La Mura*, 22 A D 2d 658). The reason for such policy was that in matrimonial actions experience showed that the "pretrial examination too often becomes an exacerbating circumstance" (*Hunter* v. *Hunter, supra,* p. 294). In the Second Department, in an uncontested matrimonial action the party sought to be examined has the burden of showing special circumstances warranting the denial of the examination (*Plancher* v. *Plancher, supra*; *Campbell* v. *Campbell*, 7 A D 2d 1011. See, also, *Hochberg* v. *Hochberg*, 63 Misc 2d 77).

In the Third and Fourth Departments, pretrial financial examinations in matrimonial actions are favored—the fact that the action is contested does not alter the rule (*Vlassopulos* v. *Vlassopulos*, 10 Misc 2d 99; *Stitt* v. *Stitt*, 2 Misc 2d 655; *Sachs* v. *Sachs*, 11 Misc 2d 644; *Berlin* v. *Berlin*, 17 Misc 2d 768).

In *Kover* v. *Kover* (29 N Y 2d 408, 413) we find the following language: "In a case, however, where divorce follows separation—whether under the recently enacted provision of the Domestic Relations Law (§ 170, subd. 5 [L. 1966, ch. 254]) or under prior law on the ground of adultery—the parties are before the court in a new and different proceeding, in which different relief is sought. Under such-circumstances, the court is privileged to consider the question of alimony *de novo*. (See, e.g., *Plancher* v. *Plancher*, 29 N Y 2d 880, affg. 35 A D 2d 417, 422; *Bishop* v. *Bishop,* 15 A D 2d 494, 495; *Goshin* v. *Goshin,* 281 App. Div. 979; *Hedaya* v. *Hedaya*, 68 Misc 2d 165, *supra.*)" Accordingly we hold in this uncontested action the wife has no knowledge of her husband's present income and means and the submission by the husband's attorney of a copy of the husband's income tax for the year 1970 and a W-2 Form withholding statement for 1971 does not preclude the wife's examination of the husband before trial with respect to his income and means.

A husband's income and property are major factors in determining the amount of an alimony award which cannot rationally be arrived at without knowledge of the husband's present assets and earning capabilities. The prior award in the separation suit under conditions as they then existed is not determinative and the court in these circumstances is privileged to consider the question of alimony *de novo*, *Kover* v. *Kover* (*supra*).

Consequently, on the facts and law and in the exercise of discretion we reverse the order, without costs, and direct the defendant to submit to a pretrial examination respecting his income and means. Submit order.

MARKEWICH, J P., MURPHY, EAGER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on February 14, 1972, unanimously reversed, on the facts and law and in the exercise of discretion, without costs and without disbursements, plaintiff's motion granted and defendant directed to submit to a pretrial examination respecting his income and means.

Settle order on notice.