■ Donald Ogilvie, Respondent-Appellant, v. Lipa Rubman et al., Appellants-Respondents, and New York Telephone Company, Respondent.— Judgment, Supreme Court, Bronx County, entered on July 6, 1971, so far as appealed from, unanimously affirmed, and that the plaintiff-respondent-appellant recover of the defendants-appellants-respondents Rubman and Gault $60 costs and disbursements of this appeal, and that the defendant-respondent recover of defendants-appellants-respondents Rubman and Gault $60 costs and disbursements of this appeal. The cross appeal of defendant-appellant-respondent Weinberg from that portion of the judgment which dismisses his cross claim is dismissed, without costs and without disbursements. No opinion. Concur — Stevens, P. J., McGivern, Markewich, Murphy and Capozzoli, JJ.

■ Linda B. Meyerhoff, Respondent, v. Paul M. Meyerhoff, Appellant. — Order, Supreme Court, Bronx County, entered September 29, 1972, granting an examination before trial of the defendant husband as to finances and denying a physical and mental examination of the plaintiff, unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of denying plaintiff's motion for examination before trial of the defendant, and otherwise affirmed, without costs and without disbursements. The criteria for discovery of the husband's finances are twofold. The right to the decree must not be seriously contested *and* no special circumstances may exist indicating that disclosure would be improper (*Plancher* v. *Plancher,* 35 A D 2d 41, affd. 29 N Y 2d 880; *Stern* v. *Stern,* 39 A D 2d 87). In this case there is a serious contest as to the right of the wife to a decree and an examination before trial is therefore not warranted. Concur — Stevens, P. J., Markewich, Lane, Steuer and Tilzer, JJ.

■ Raul Perez, Jr., an Infant, by His Father Paul Perez, et al., Respondents, v. Juan Vega, Appellant.— Order, Appellate Term, Supreme Court, First Department, entered on October 13, 1972, affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Concur — Stevens, P. J., Markewich, Murphy and Capozzoli, JJ.; McGivern, J., dissents in the following memorandum: I dissent and would grant defendant's motion to vacate the default judgment on the condition that defendant pay $250 costs for the reasons set forth in the opinion of Mr. Justice Quinn at Appellate Term.