■ RENEE G. FRISINA, Respondent, v. PETER J. FRISINA, Appellant.— In an action *inter alia* for divorce, defendant appeals from an order of the Supreme Court, Nassau County, entered February 19, 1974, which denied his motion to vacate a notice to examine him before trial. Order reversed, without costs, and motion granted. Disclosure of the parties' finances in a matrimonial action should ordinarily be directed "where the right to a decree is not seriously resisted and no special circumstances exist indicating that it would be improper to grant such disclosure" (*Plancher* v. *Plancher*, 35 A D 2d 417, 422). Where, however, as in the case at bar, there is an existing

separation agreement whose terms measure the amount of support, that is such a special circumstance as to preclude disclosure. If the agreement is found by the court to be valid and presently enforceable, no greater amount than therein specified could be awarded by the court (*Goldman* v. *Goldman,* 282 N. Y. 296; *Galusha* v. *Galusha,* 116 N. Y. 635; *Vranick* v. *Vranick,* 41 A D 2d 663; *Aronson* v. *Aronson,* 50 Misc 2d 394). Plaintiff's contention that there is no valid and subsisting separation agreement must be determined at trial. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.