Fritz W. Alexander II, J.
By prior order of this court, a protective order sought by the defendant on the ground that this action which seeks to recover moneys loaned to defendant’s wife to pay attorney’s fees to prosecute an action for separation involved "the subject matter pending undetermined in [a] matrimonial action” was denied and the scheduled examination ordered to go forward.
At the examination, plaintiffs attempted to question the defendant in regard to "the facts and circumstances relevant to the issue of defendant’s fault; i.e., that the wife’s separation action was properly and justifiably instituted.” Defendant objects to this line of questioning and seeks a ruling on such objection. For the reasons that hereafter appear, the objection is sustained.
A short recital of the history of this litigation will set the perspective: plaintiffs, brothers of the estranged wife of the defendant, advanced the sum of $2,500 to her to enable her to retain counsel to commence an action for a judicial separation against the defendant in Supreme Court. Simultaneously with the commencement of that action, defendant’s wife moved for temporary alimony and counsel fees. Defendant successfully opposed the counsel fee portion of that motion, relying upon the rule enunciated by the Appellate Division in Kann v Kann (38 AD2d 545) that counsel fees may not be awarded in a matrimonial action where the wife is able to pay her own counsel.
*161 Plaintiffs, relying upon the dictum in Kann, that "any person who advances [the wife] * * * the sum on the strength of the husband’s credit may sue him for necessaries”, instituted this action in the Civil Court.
Counsel for both sides agree, and indeed the rule is so well settled as to permit of no reasonable dispute, nor require any extensive citation, that the husband’s fault and the wife’s right to a separate living are the issues in any action for necessaries. This of course is true, no matter whether the action is brought by the wife or by the supplier of the alleged necessaries. (Stern v Stern, 39 AD2d 87.)
Plaintiffs argue however, that CPLR article 31 envisions "virtually unlimited” discovery proceedings and while conceding that certain few areas of litigation (such as matrimonial actions) are excepted from this general rule, they contend that "an action for 'necessaries’ is not within the limited class of exceptions”. Moreover, argue the plaintiffs, the information here sought to be elicited is "material and necessary” to their case and that "special circumstances” exist; i.e., that the parties seeking the examination do not have personal knowledge of the facts; the only party that does have such knowledge is defendant. They conclude therefore that none of the public policy considerations that give rise to the limitations on examinations before trial in matrimonial actions exist in this case, and that even if those public policy considerations were to be held applicable, sufficient "special circumstances” exist here to justify carving out a new exception to the exception.
In Kann, in relegating "any person who advances [a wife] * * * the sum [for counsel fees] on the strength of the husband’s credit” to an action for necessaries, the Appellate Division stated that the "result [in the action for necessaries would be] * * * dependent upon all the factors which govern such actions.”
It must be assumed that this bolding was reached upon a consideration of the long line of cases that define the "factors which govern” actions for necessaries, including Weidlich v Richards (276 App Div 383), wherein it was held that "[i]f the wife is successful in her suit and it has been determined that she is entitled at her husband’s fault to live apart from him at his expense, the legal services involved were a demonstrated necessary for which the husband is liable * * * [citations omitted]. Likewise if the wife is unsuccessful and it is established, as here, that her living apart from her husband was *162 voluntary and amounted to an abandonment of him, the husband is not liable for her separate maintenance, and therefore legal services incurred by the wife in the action were not a necessary for which the husband should be held liable * * * [citations omitted]” (Weidlich v Richards, 276 App Div 383, 385).
Clearly, a determination, in the matrimonial action, “made on a full showing, which determines not only the rights of the parties as between themselves but also such incidental derivative rights as tradesmen or others may claim for providing the wife with necessaries” would preclude an attorney or other tradesman from requiring a "retrial of the marital litigation on a lesser standard of judgment, viz, whether there was reasonable grounds for bringing the action” (Weidlich v Richards, supra, pp 384-385, 386). Should not, then, the attorney, tradesmen, or those who advanced sums for counsel fees to the wife "on the strength of the husband’s credit” be precluded from "pretrying” the pending marital litigation, on a "lesser standard of judgment”, i.e., that the wife’s separation action was properly and justifiably instituted, and certainly at the risk of possible conflicting findings in respect to the issue of fault? I think the answer is clearly "yes,” for to hold otherwise "would be to duplicate or multiply actions on an illusive issue” (Weidlich v Richards, supra, p 386). It seems to me therefore that the public policy consideration of reasonably controlling potentially proliferate litigation and avoiding the submission to the Civil Court of controversial issues over which it has no statutory jurisdiction are reasons enough for limiting the scope of discovery permitted in actions such as this.
Additionally, however, there is the settled rule that the right to recover counsel fees for services rendered to a wife ip a matrimonial action, as is the right to recover for any other "necessaries”, derives through the wife and thus enjoys no status superior to the rights possessed by the wife.
Although the previously rigid rule prohibiting examinations before trial in matrimonial actions has been considerably relaxed (see Plancher v Plancher, 29 NY2d 880, affg 35 AD2d 417; Stern v Stern, 39 AD2d 87; Bishop v Bishop, 15 AD2d 494; Sachs v Sachs, 11 Misc 2d 644; Vlassopulas v Vlassopulas, 10 Misc 2d 99; Stitt v Stitt, 2 Misc 2d 655) it is of significance that this relaxation has, so far, occurred only in respect to discovery proceedings which seek to inquire into the finances *163 of the party sought to be deposed. No case has been found, nor is any cited by counsel, where "virtually unlimited” discovery in respect to the issue of "fault” has been permitted in a matrimonial action. It is reasonable to conclude therefore that the public policy of this State continues to recognize the fact that "in matrimonial actions experience * * * [has shown] that the 'pretrial examination too often becomes an exacerbating circumstance’ ” (Stern v Stern, 39 AD2d 87, 89) and will not be allowed in respect to the issue of "fault.”
Accordingly, for the foregoing reasons, the objection made by the defendant to the line of questioning at the examination before trial relating to the circumstances of the separation between defendant and his wife is sustained.