■ CARY L. WELLINGTON, Appellant, v NORMA K. WELLINGTON, Respondent.—Order, Supreme Court, New York County, entered July 29, 1974, granting defendant's motion for temporary alimony, child support and counsel fee, and, *inter alia,* directing that plaintiff pay $800 per week as alimony and support for the parties' three children, together with $8,000 counsel fee, and that plaintiff be permitted Saturday afternoon visitation each week, unanimously modified, on the law and the facts, to provide and direct alimony and child support in the sum of $500 per week, together with counsel fee of $5,000 and enlargement of visitation to include alternate weekend visitation with plaintiff with appropriate provision for a summer vacation, and as so modified, affirmed, without costs and without disbursements. In fixing the amount of temporary alimony to be awarded, the court looks, in the first instance, to the provisions of section 236 of the Domestic Relations Law. The statute provides that the court may direct the husband to provide "suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties". As stated in *Phillips v Phillips* (1 AD2d 393, 398 affd 2 NY2d 742): "The ultimate determination in each case must depend upon a balancing of several factors—the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the marriage and the conduct of the parties". A study of the record raises grave doubt whether the plaintiff is able to support the defendant and his children in the life-style to which he had accustomed them. This inability is shown by the expendable moneys allowable to him as demonstrated in his several tax returns. It also appears that the family had formerly been entitled to many fringe benefits as a consequence of plaintiff's control of the corporation named after him, and that these circumstances may not presently prevail. Applying the principles enunciated above to the case at Bar, it is concluded that, in order to achieve

a fairer balance of the equities, the order appealed from must be modified downward to provide for $500 alimony and child support per week and a reduction in counsel fee to $5,000 (See *Kover v Kover,* 29 NY2d 408). As directed by the court at *nisi prius,* defendant's attorneys may make a further application at the time of trial for additional allowance of fees. With respect to visitation, there is nothing in the record to indicate that more frequent visitation or visitation away from the children's home would be inimical to them. It is again noted that "The best protection to both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than appeal or reference" *(Bleiman v Bleiman,* 272 App Div 760; see *Gross v Gross,* 44 AD2d 806). At the trial, the awards directed herein should have no effect in the determinations or to the grant of permanent alimony, child support or the amounts thereof, which determinations should rest upon the evidence adduced at said trial. On this record, modification is limited to the foregoing observations. Settle order on notice. Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.