In the Matter of MARGARETHA HOPPL, Appellant, v CHARLES H. HOPPL, Respondent.

First Department, December 11, 1975

*Raoul Lionel Felder* for appellant.

*Joel R. Brandes* of counsel *(Lester Wallman* with him on the brief; *Wallman & Kramer,* attorneys), for respondent.

LUPIANO, J. In this child support proceeding, the petitioner

seeks an examination before trial of her former husband on the grounds, *inter alia,* that (1) the parties have lived apart since their divorce in 1969 so that she does not know his personal financial situation, but that knowledge gained prior to the divorce coupled with the respondent's continued proprietary interest in the well-known Hoppl Restaurant chain on Long Island indicates that his financial circumstances are greater than reported, and (2) an examination is necessary to avoid a long and protracted trial. The parties were married in August, 1964 and have one child eight years of age. In February, 1969, they entered into a separation agreement which provided, in pertinent part, that the father would pay $125 each week for child support, together with payment of all private school expenses including tuition through college and professional school, maintain a $50,000 life insurance policy with the child as sole beneficiary and pay for the child's medical, dental and drug expenses. In March, 1969, the parties were divorced by foreign decree.

The petitioner declares that the child's weekly needs, in addition to the private schooling expenses, amount to $343.84. In response, the respondent states that he contributes, including payment for private school expenses, $225 per week. At this juncture, the petitioner has made an initial prima facie showing that the needs of the parties' child have increased. However, the Family Court denied the petitioner's motion for examination before trial on the ground that no special circumstances were shown to warrant such examination. In *Stern v Stern* (39 AD2d 87) we held that in light of *Plancher v Plancher* (35 AD2d 417, affd 29 NY2d 880) an examination before trial with respect to income and means will be granted where the matrimonial action is not contested and the party sought to be examined has failed to make a showing of special circumstances warranting a denial of that type of relief. Further, in *Matter of Handel v Handel* (32 AD2d 946, affd 26 NY2d 853)—a child support proceeding—it was held that allegations contained in the petition that both the needs of the children and the income of the father had increased since the date of the separation agreement are sufficient predicate for the granting of an examination. The Appellate Division, Second Department, further underscored the fact that a substantial increase in the financial condition of the father is an independent ground sufficient to support an increase *(Matter of Handel v Handel, supra,* p 947). Although a viable separation agreement may be viewed as "a special circumstance as

to preclude disclosure" in a divorce action, involving as it does the relationship between the parties as man and wife (see *Frisina v Frisina,* 45 AD2d 869, 870), a different relationship is involved in a child support proceeding, to wit, that of parent and child. The parties cannot by a separation agreement eliminate or diminish either parent's duty to support a child of the marriage (Family Ct. Act, § 461, subd [a]). Further, "[t]he instant action brought by the [petitioner], the [respondent's] former wife, is not brought to recover any money for herself, but is brought for the benefit of and in behalf of the infant [child]. The husband [respondent herein] has not been divorced by his [child] nor absolved of his liabilities to [the child]. The [child is] entitled to support, maintenance and education in accordance with his financial means and ability *(Laumeier v Laumeier,* 237 NY 357; *Van Dyke v Van Dyke,* 278 App Div 446, affd 305 NY 671; *Brock v Brock,* 4 AD2d 747; *Matter of 'Fletcher',* 1 Misc 2d 25). Our courts are not bound by support provisions for children contained in a separation agreement, but are mandated to provide for their support and welfare as 'justice requires' *(Brock v Brock, supra)" (Matthews v Matthews,* 30 Misc 2d 681, 685, mod 18 AD2d 830, affd 14 NY2d 778).

Finally, it is noted that pursuant to section 250 of the Domestic Relations Law, effective September 1, 1975, "there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered." This statutory provision, applicable both in the Supreme and Family Courts, reflects the public policy of this State in favor of disclosure. It is indicative of the Legislature's realization that fair support awards are only possible where there is full financial disclosure. In view of the aforesaid and under the circumstances delineated in the record herein, pretrial disclosure is warranted.

Accordingly, the order of the Family Court, New York County (CAPUTO, J.), entered August 28, 1975, denying the petitioner mother's application for an examination before trial of the respondent father, should be reversed on the law and the facts without costs and disbursements and the application should be granted.

NUNEZ, J. (dissenting). I find no abuse of discretion by the Family Court. Respondent is providing very substantial support, schooling and other needs of the child pursuant to an

agreement with the mother. It is not shown, or even alleged, that the amount paid by respondent is inadequate to support the child at a level in accord with his father's financial capacity to pay. Judge CAPUTO's finding that no special circumstances exist is supported by the record. I would affirm.

MARKEWICH, J. P., MURPHY and LANE, JJ., concur with LUPIANO, J.; NUNEZ, J., dissents in an opinion.

Order, Family Court of the State of New York, New York County, entered August 28, 1975, denying the petitioner mother's application for an examination before trial of the respondent father, reversed, on the law and the facts, without costs and without disbursements, and the application granted.

Settle order on notice.