■ CAROL A. SCHNEIDERMAN, Respondent, v RAPHAEL SCHNEIDERMAN, Also Known as RAY SCHNEIDERMAN, Appellant.—Order, Supreme Court, New York County, entered on July 11, 1975, unanimously affirmed, without costs and without disbursements, for the reasons stated at Special Term. Order, Supreme Court, New York County, entered on October 23, 1975, which in part denied defendant's motion for a protective order vacating plaintiff's notice of discovery and inspection, affirmed, without costs and without disbursements. On this record we are not convinced that Special Term abused its discretion in retroactively applying the compulsory financial disclosure policy enunciated in section 250 of the Domestic Relations Law. While we respect the reasoning of the dissenter, we are of the opinion that in view of the policy declared by the Legislature, it would serve no useful purpose to hold that there was an abuse of discretion below in the circumstances of this case. Concur—Markewich, Murphy, Capozzoli and Lane, JJ.; Stevens, P. J., dissents in a memorandum, as follows: Special Term in its order entered October 23, 1975, denied defendant's motion for a protective order vacating plaintiff's notice of discovery and inspection dated August 29, 1975. The ground for such denial as stated in the court's decision dated October 6, 1975, is the public policy in favor of full financial disclosure as set forth in section 250 of the Domestic Relations Law (added by L 1975, ch 690, § 1; amd L 1975, ch 691, § 1). That section provides in pertinent part: "In all matrimonial actions and proceedings commenced on or after September first, nineteen hundred seventy-five in supreme court in which alimony or support is in issue * * * there shall be compulsory disclosure by both parties of their respective financial state." The present action for a separation and incidental relief was commenced on December 6, 1974, prior to the effective date of the statute. There is nothing in the statute which, when fairly read, indicates any intention that it be given retroactive effect. Interestingly, Special Term in an earlier decision, dated April 2, 1975, granted plaintiff's motion for a protective order noting that "The disclosures sought where the right to the ultimate relief is seriously contested and there is no showing of special circumstances is barred [citations omitted]." Plaintiff's notice for discovery and inspection is far ranging and requires, *inter alia,* the production of books and records of other business entities in which defendant may be one of several partners or stockholders, as well as those in which he is the sole principal. Prior to the enactment of the statute requiring compulsory financial disclosure by both parties, this court stated, "The criteria for discovery of the husband's finances are twofold. The right to the degree must not be seriously contested *and* no special circumstances may exist indicating that disclosure would be improper *(Plancher v. Plancher,* 35 A D 2d 417, affd. 29 N Y 2d 880; *Stern v. Stern,* 39 A D 2d 87)." *(Meyerhoff v Meyerhoff,* 41 AD2d 726.) As Special Term earlier observed, the right to a decree here is seriously contested. In addition, no

special circumstances are shown in this four-year marriage to warrant the disclosure demanded. Finally, there is no justification for treating opposing parties in a litigation differently when the same species of relief is sought by each.