JUNE PERSE, Respondent, v HARRY PERSE, Appellant.

First Department, April 29, 1976

*Eugene V. Weissman* of counsel *(Krakower & Weissman,* attorneys), for appellant.

*Robert S. Groban (Robert S. Groban, Jr.,* with him on the brief), attorney for respondent.

*Per Curiam.* This is an appeal by defendant husband in a

matrimonial action from an order of the Supreme Court granting plaintiff wife the right to examine defendant husband as to his finances. Both plaintiff by her complaint and defendant by his counterclaim seek an absolute divorce.

Before the enactment of section 250 of the Domestic Relations Law (L 1975, chs 690, 691) and our decision in *Schneiderman v Schneiderman* (51 AD2d 914), the rule in this Department as to examination before trial in matrimonial actions was thus expressed: "The criteria for discovery of the husband's finances are twofold. The right to the decree must not be seriously contested *and* no special circumstances may exist indicating that disclosure would be improper". *(Meyerhoff v Meyerhoff,* 41 AD2d 726 [1st Dept].) This appears also to have been the rule in the Second Department *(Plancher v Plancher,* 35 AD2d 417 [2d Dept], affd 29 NY2d 880). The Third and Fourth Departments were apparently less restrictive. *(Dunlap v Dunlap,* 34 AD2d 889 [4th Dept]; *Berlin v Berlin,* 17 Misc 2d 768, 769 [Sup. Ct., Broome County].)

By chapters 690 and 691 of the Laws of 1975, the Legislature added a new section 250 of the Domestic Relations Law reading as follows: "In all matrimonial actions and proceedings commenced on or after September first, nineteen hundred seventy-five in supreme court in which alimony or support is in issue and all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered. A sworn statement of net worth shall be filed by each party, prior to trial, in the court in which the procedure is pending."

On March 4, 1976, this court decided *Schneiderman v Schneiderman* (51 AD2d 914, *supra).* We there affirmed an order of Special Term granting discovery and inspection with respect to defendant's finances saying:

"On this record we are not convinced that Special Term abused its discretion in retroactively applying the compulsory financial policy enunciated in section 250 of the Domestic Relations Law.

"While we respect the reasoning of the dissenter, we are of the opinion that in view of the policy declared by the Legislature, it would serve no useful purpose to hold that there was an abuse of discretion below in the circumstances of this case."

In the present case the Supreme Court has again permitted

disclosure of the husband's financial condition. The *Schneiderman* case thus permits if indeed it does not require affirmance of the order.

Furthermore, while the new statute is applicable only to matrimonial actions commenced on or after September 1, 1975, it does express a policy which will become binding as to all such future actions. Thus our former restrictive practice as to examinations in matrimonial actions becomes in a sense an enclave in time and place, applicable only to actions begun before September 1, 1975 and only in the First and Second Departments. In the interest of harmonizing our practice with that in the other half of the State as to actions commenced before September 1, 1975 and with the policy throughout the State in actions commenced after September 1, 1975, we have determined to depart from our former practice and to permit examinations as to the parties' financial condition in matrimonial actions, even though commenced before September 1, 1975, subject of course to discretionary control by Special Term. That indeed was implicit if not explicit in our decision in the *Schneiderman* case.

Accordingly, the order appealed from should be affirmed, without costs.

MURPHY, J. P., LUPIANO, SILVERMAN, LANE and YESAWICH, JJ., concur.

Order, Supreme Court, New York County, entered on September 9, 1975, so far as appealed from, unanimously affirmed, without costs and without disbursements.