■ MARILYN MARGULIES, Respondent, v OSCAR A. MARGULIES, Appellant. —Order, Supreme Court, New York County, entered November 14, 1975, granting temporary alimony of $250 per week and temporary child support

of $250 per week, and denying the husband's application for examination of the wife's financial circumstances, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting the husband's application for an examination and otherwise affirmed, without costs or disbursements. In this action for divorce instituted by the wife, alleging cruel and inhuman treatment, the wife made application for an award of temporary alimony which was granted by Special Term in the amount of $250 per week, and an additional $250 per week was awarded as temporary support for the three infant issue of the marriage. The husband, in addition to opposing an award of temporary alimony to his wife, also cross-moved for an examination of the wife with respect to her finances. Special Term granted alimony and child support, as already indicated, and denied the cross motion for discovery. We are in unanimity of opinion that the award of temporary alimony and child support should not be disturbed. This court has repeatedly noted that appeals from awards of temporary alimony, which awards are based on motion papers, are not favored. The expeditious resolution of any claimed inequities in such awards is best achieved by a prompt trial resulting in a permanent award based on the evidence adduced at a plenary trial (Levene v Levene, 41 AD2d 530; Gostin v Gostin, 41 AD2d 606; Watras v Watras, 43 AD2d 520; Wellington v Wellington, 47 AD2d 881, 882). Furthermore, with regard to discovery, we find that the examination requested by the defendant husband should have been granted. The parties had begun a business in Florida which is still allegedly maintained by the wife. The income from that business is apparently not readily ascertainable. Furthermore, it appears from the papers submitted to Special Term that the claimed present income of the wife is not in consonance with her present lifestyle. This patent contradiction in the wife's claim warrants an examination. There has been no showing of special circumstances indicating that it would be improper to grant disclosure (Plancher v Plancher, 35 AD2d 417, affd 29 NY2d 880; Stern v Stern, 39 AD2d 87; Meyerhoff v Meyerhoff, 41 AD2d 726). We note that the court in its discretion may consider, inter alia, the ability of the wife to be self-supporting as a factor in determining the amount of alimony to be awarded (Domestic Relations Law, § 236; Wellington v Wellington, 47 AD2d 881). We further note that this Appellate Division has withdrawn from its previous restrictive approach with regard to discovery of the finances of either party in a matrimonial action, in the light of the policy expressed by the enactment of section 250 of the Domestic Relations Law (see Schneiderman v Schneiderman, 51 AD2d 914; Perse v Perse, 52 AD2d 60; and Ponard v Ponard, 52 AD2d 564). It would therefore be appropriate to allow an examination of the wife's financial condition in order that the court may be presented with all relevant evidence related thereto prior to setting the amount to be granted. Settle order on notice providing date for examination. Concur—Stevens, P. J., Markewich, Murphy, Capozzoli and Lane, JJ.