■ MARGO SINGER, Respondent, v MARK A. SINGER, Appellant.— Amended judgment, Supreme Court, Bronx County, entered August 11, 1975, directing weekly alimony in the sum of $175 to commence retroactively as of August 1, 1973, unanimously reversed as to alimony only, on the law and the facts and in the exercise of discretion, and the matter remanded for a hearing on the earning ability of the wife, without costs and without disbursements. Initially, it appears that there is an appeal from an order of July 31, 1975, confirming the Referee's report directing alimony in the sum of $175 weekly to commence retroactively as of August 1, 1973, and thereafter an amended judgment of divorce entered August 11, 1975, which includes the provision of the order with respect to alimony. An appeal was taken from the order, but not from the amended judgment. We approach the matter as an appeal from the amended judgment insofar as alimony is concerned. (CPLR 5520, subd [c]; see *People ex rel. Breedan v Zelker,* 41 AD2d 669.) While the determination with respect to the financial circumstances of the husband, defendant-appellant, is substantiated, there was assumed inability of the wife to be self-supporting even though she is competent as a free-lance court reporter and has no children to care for. On the other hand, it is indicated that she may be suffering from Hodgkins' disease, which may debilitate her. Nevertheless, there was no testimony as to the amount that the wife earned while she worked in 1974. This would be a relevant factor. (Domestic Relations Law, § 236; *Phillips v Phillips,* 1 AD2d 393, 398, affd 2 NY2d 742; *Kover v Kover,* 29 NY2d 408; *Wellington v Wellington,* 47 AD2d 881; *Margulies v Margulies,* 52 AD2d 567.) Accordingly, we reverse the direction in the amended judgment for alimony only insofar as to remand for a hearing on the earning ability of the wife. Pending the hearing and the disposition, the alimony provided for should be continued. However, a stay is granted with respect to the enforcement of the payment of any alimony to the extent heretofore unpaid pending the hearing and disposition. Settle order on notice. Concur—Stevens, P. J., Kupferman, Lupiano, Capozzoli and Lane, JJ.