■ RITA BILLET, Respondent, v EDWIN BILLET, Appellant.—Order, Supreme Court, New York County, entered January 15, 1976, denying defendant husband's motion for a protective order, unanimously modified, on the law and in the exercise of discretion, to the extent of excluding from oral examination any inquiry into the merits of the matrimonial action and exempting from production any documents which likewise might be bound up in the merits of this action, and as thus modified, affirmed, without costs and without disbursements. The appeal from the order, Supreme Court, New York County, entered February 27, 1976, denying reargument, unanimously dismissed *sua sponte,* without costs and without disbursements, as the order is not appealable. (See *Pagliero v Baffa,* 22 AD2d 920.) In this action for separation upon the grounds of abandonment and cruel and inhuman treatment, the plaintiff wife also seeks custody of the infant issue of the marriage, alimony and child support. The husband counterclaims for judgment of absolute divorce or, in the alternative, a judgment of separation, and for an adjudication of his right to certain real and personal property. Plaintiff had served upon defendant a notice to take oral examination "with respect to evidence material and necessary in the prosecution of this action" and required defendant to produce at the examination certain books and records. Defendant sought a protective order, which was denied. This court recently has discussed the question of discovery in matrimonial actions. In *Matter of Hoppl v Hoppl* (50 AD2d 59), a child support proceeding, we noted that section 250 of the Domestic Relations Law, effective September 1, 1975, providing for "compulsory disclosure by both parties of their respective financial states" without "showing of special circumstances" reflects the public policy of this State in favor of disclosure. In *Schneiderman v Schneiderman* (51 AD2d 914) we held Special Term had not abused its discretion in applying retroactively the compulsory financial disclosure policy enunciated in section 250 of the Domestic Relations Law. By affirming in *Schneiderman* we permitted complete disclosure and inspection of, *inter alia,* records of security transactions and books, records, bank statements, and canceled checks of the husband individually and as a member of any partnership or as a stockholder of any corporation. Discovery was not limited to submission of an official form affidavit of net worth. In *Perse v Perse* (52 AD2d 60) we held that oral examination of the financial condition of a party in a matrimonial action, even though commenced prior to September 1, 1975, will be permitted subject to discretionary control by Special Term. In the case at bar, where neither party is seeking to keep the marriage intact, it is not an abuse of discretion to permit discovery of financial data. However, nothing has changed the long-standing rule that examination with respect to the grounds upon which a divorce or separation is sought may not be permitted. (See *Hunter v Hunter,* 10 AD2d 291, 294; *Nomako v Ashton,* 20 AD2d 331.) Accordingly, discovery of information concerning the merits of the matrimonial action is denied herein. Settle order on notice. Concur—Lupiano, J. P., Birns, Silverman, Lane and Nunez, JJ.