■ Frank Brenner, Respondent, v Betty Brenner, Appellant.—Order, Supreme Court, New York County, entered November 25, 1975, granting plaintiff husband's motion for a protective order, unanimously affirmed, without costs and without disbursements. The parties have been separated since April, 1973 during which period the husband has supported voluntarily the wife and the four children of the marriage. On August 25, 1975

plaintiff commenced this action for divorce on the ground of abandonment. The wife is defending the action but makes no counterclaim for divorce. She seeks neither alimony nor support. Nor has she made any request for monetary relief *pendente lite.* Nonetheless, the wife served upon the husband a notice to take his deposition and demanding production of many documents concerning his financial state. The wife is not entitled to this disclosure and the husband's motion for a protective order was properly granted. Prior to the enactment in 1975 of section 250 of the Domestic Relations Law, the rule for discovery of the husband's financial condition was provided by *Meyerhoff v Meyerhoff* (41 AD2d 726) where this court said that for discovery to be allowed "The right to the decree must not be seriously contested *and* no special circumstances may exist indicating that disclosure would be improper". Here the right to a divorce is being contested and no special circumstances exist. Section 250 of the Domestic Relations Law has been held by this court to reflect the public policy of the State of New York favoring disclosure, even without a showing of special circumstances *(Matter of Hoppl v Hoppl,* 50 AD2d 59). This court also has held it was not an abuse of discretion to apply retroactively the compulsory disclosure provision of section 250 *(Schneiderman v Schneiderman,* 51 AD2d 914). However, section 250 applies only to those matrimonial actions "in which alimony or support is in issue" and therefore does not apply here. No relevant purpose would be served by granting the wife discovery. (See CPLR 3101, subd [a]; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; see, also, *Math v Math,* 39 AD2d 583, affd 31 NY2d 693, disallowing alimony to a wife whose misconduct constituted grounds for divorce.) Concur—Kupferman, J. P., Lupiano, Silverman and Nunez, JJ.