Leon D. Lazer, J.
In this action by a wife for judgment declaring her separation agreement with the defendant void and for a divorce, she moves for financial discovery. Her husband vigorously opposes the relief sought in the motion as impermissible.
Section 250 of the Domestic Relations Law (L 1975, ch 690) declares that in a matrimonial action in which alimony is in issue "there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered.” The Appellate Division, First Department, has had no difficulty in interpreting these plain words to require pretrial discovery without any showing of special circumstances (see Billet v Billet, 53 AD2d 564; Perse v Perse, 52 AD2d 60; Schneiderman v Schneiderman, 51 AD2d 914; Matter of Hoppl v Hoppl, 50 AD2d 59), but some confusion has developed in the Second Department because of the absence of a clearly *246 binding determination on the issue. The only Second Department case which has been cited is Hausman v Hausman (51 AD2d 796), which involved a divorce action commenced prior to the effective date of section 250 but after its enactment. The Appellate Division resolved the issue of the wife’s demand for a pretrial examination by requiring each party to supply a sworn statement of finances in accordance with the new statute. Relying on Hausman, two Suffolk County determinations (Testa v Testa, NYLJ, May 28, 1976, p 10, col 5; Peck v Peck, NYLJ, June 25, 1976, p 11, col 3) have taken a narrow view , of section 250 and deferred oral examination until the party seeking it has established that the sworn financial statement is insufficient.
Hausman is not a proper predicate for a restrictive application of section 250. There, the Appellate Division struck a balance between the newly enunciated public policy favoring free disclosure and the restrictive rule (Plancher v Plancher, 35 AD2d 417, affd 29 NY2d 880) still applicable to the case before it. Testa and Peck are in the Plancher tradition for they would require a showing of special circumstances — that the sworn financial statement is insufficient — before permitting oral deposition. The intent of the language in section 250 is too clearly stated to permit survival of any vestige of Plancher (see Grant v Grant, 84 Misc 2d 577).
Defendant’s ultimate reliance is on Frisina v Frisina (45 AD2d 869) where it was held that the existence of a separation agreement whose terms measured the amount of support was a special circumstance precluding disclosure under the Plancher rule. With the statutory abolition of the need to show special circumstances, Frisina cannot serve to obstruct discovery in the instant case where the cause of action attacking the separation agreement has survived a dismissal motion. Plaintiff, therefore, is entitled to an examination of the defendant’s financial condition and is not limited to an official form affidavit of net worth (see Billet v Billet, supra).