Eli Wager, J.
This is an action for divorce commenced by the plaintiff husband in April, 1974. The defendant subsequently appeared by counsel and there were later substitutions of counsel for both parties. As noted by Mr. Justice Harnett in a prior decision in this case "the parties have been litigating in earnest only since November, 1975”. The action, then noticed for trial, was stricken from the calendar in order to give the defendant wife an opportunity to conduct discovery proceedings.
Defendant served a notice to examine the plaintiff before trial. A motion by the plaintiff for a protective order was *1007 granted with leave to the defendant to seek discovery upon a showing of "special circumstances”, the court indicating at that time that section 250 of the Domestic Relations Law did not apply to actions commenced prior to September 1, 1975. In the same order, the court granted the defendant court’s motion for custody, alimony and counsel fees pendente lite.
Defendant now moves for an order directing the plaintiff to appear for an examination before trial and to produce financial records and tax returns specifically itemized in a notice to produce served simultaneously therewith. The moving papers and the affidavits in opposition indicate clearly that there are "special circumstances” to justify an examination of the plaintiff and for him to produce all the indicated books and records for the purposes of establishing his true financial status.
The parties have been separated since 1972. There are indications by the plaintiff that in the intervening years his financial status has radically changed and indeed, the only evidence of income submitted on this motion is a copy of the plaintiff’s W-2 form which is furnished by a corporation of which he is apparently the sole principal. The alleged income is markedly less than that of prior years and the defendant avers that the plaintiff has interests and income from other sources which he has not clearly denied. There is sufficient merit to the defendant’s claim that the plaintiff may have intentionally understated or concealed his income and assets so as to warrant this inquiry into his financial status. (Kay v Kay, 37 NY2d 632; Hickland v Hickland, 39 NY2d 1; Contrubis v Contrubis, 46 AD2d 615.)
Parenthetically, it should be noted that the interpretations of section 250 of the Domestic Relations Law are still developing. The evolving conflict between the rule in the First Department (Billet v Billet, 53 AD2d 564; Perse v Perse, 52 AD2d 60; Schneiderman v Schneiderman, 51 AD2d 914; Matter of Hoppl v Hoppl, 50 AD2d 59), and the Second Department (Hausman v Hausman, 49 AD2d 903) have served to confound. (See, also, Testa v Testa, NYLJ, May 28, 1976, p 10, col 5; Peck v Peck, NYLJ, June 25, 1976, p 11, col 3.)
This action, although commenced before the effective date of section 250, is a clear demonstration of the need to apply the legislative policy of full disclosure with reference to financial matters in matrimonial actions. Apart from the fact that "special circumstances” are here shown, the Legislature’s direction of public policy should be the controlling factor in *1008 such disputes and not an arbitrary effective date. The legislative intent of section 250 is succinctly stated in its language: "In all matrimonial actions * * * there shall be compulsory disclosure by both parties of their respective financial states”.
The rule in Plancher v Plancher (35 AD2d 417, affd 29 NY2d 880) is clearly passé in the face of the Legislature’s mandate. Though the number of cases commenced prior to September 1, 1975 may be dwindling, the litigants in those remaining cases are as entitled to the benefit of the legislative enactment as those whose disputes arose subsequent to September 1, 1975. (Rubin v Rubin, NYLJ, Aug. 12, 1976, p 9, col 6.)
Accordingly the defendant’s motion for an order to examine the plaintiff and to produce the indicated financial records is granted.
See short form order signed simultaneously herewith.