■ PAULINE SUMEREAU, Respondent, v EUGENE SUMEREAU, Appellant.— Order, Supreme Court, Bronx County, entered on December 5, 1979, which granted plaintiff-respondent's motion for a protective order vacating defendant-appellant's notice to examine plaintiff-respondent's finances, unanimously modified, on the law and the facts, to vacate the protective order to the extent of permitting an examination limited to the issues raised by defendant-appellant's counterclaim, and, as so modified, the order is affirmed, without costs and without disbursements. Plaintiff-respondent wife commenced this action for a divorce but did not request support or alimony. Defendant-appellant husband counterclaimed seeking to impress a constructive trust against assets in his wife's name, alleging he delivered large sums of money and property to her in the course of their mutual and joint business activities, and that these sums were to be used solely for their common benefit. He seeks the transfer to himself of an equal share of all property he so transferred to her and of accumulations thereupon. Upon serving his verified answer, the husband also served a notice to take deposition regarding the wife's finances during the marriage. The wife then sought and was granted a protective order vacating the notice on the basis of the holding in *Brenner v Brenner* (53 AD2d 831). In that case, we barred compulsory financial disclosure pursuant to section 250 of the Domestic Relations Law in a divorce action, when alimony or support was not in issue, reasoning that no relevant purpose would be served by granting

disclosure under these circumstances. Such is not the case here. The financial disclosure sought by the husband is not requested pursuant to section 250 of the Domestic Relations Law, but under CPLR 3101 (subd [a]) as "material and necessary" to proving his counterclaim. The husband points out that he would be able to obtain the examination he seeks if the counterclaim herein were to be brought in a separate action. He should be able to proceed in a like manner in this case. The notice to examine was framed in general terms, however, and not specifically limited to the issues raised in his counterclaim. Our decision provides this limitation. Concur— Murphy, P. J., Kupferman, Birns, Lupiano and Bloom, JJ.