■ RICHARD HARRIS, Appellant, v SHEILA K. HARRIS, Respondent. — Order, Supreme Court, New York County, entered July 29, 1980, which, upon granting defendant-respondent wife's motion to vacate a prior order of the court entered May 1, 1980, considered the wife's opposing papers and, *inter alia,* denied the plaintiff-appellant husband's motion for a protective order vacating a notice of examination before trial of husband's finances and other material, modified, on the law and the facts, to grant the motion for a

protective order, except to the extent of permitting examination as to the substantial performance of paragraph 5 of the separation agreement and production of Items Nos. 5, 6 and 8 of the schedule of documents as they pertain to Bank House and its furnishings, and otherwise affirmed, without costs. The parties were married in Yorkshire, England, in 1971 and resided together in England and New York City until 1976. On July 17, 1977, with both parties represented by counsel, they entered into a separation agreement which provided that it shall survive any decree of divorce and be administered pursuant to the laws of the State of New York. There are no issue of the marriage. In February, 1979, the husband instituted this action for divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law ("conversion" divorce). The wife seeks to set aside the separation agreement on the grounds of fraud and to recover monetary damages. She had waived her right to alimony in the separation agreement and makes no claim for alimony in this action; nor does she counterclaim for divorce. The wife's accusations of fraud in the inducement of the separation agreement are actually objections to the husband's alleged lies, exaggerations and puffery concerning his mental state, finances and love life, in his attempt to strike the best bargain for himself. While not deserving of approbation, these are not unheard of in such negotiations and do not in this instance appear to form sufficient justification to set aside the agreement. The "sole material item of significance" to the wife seems to be the "cottage" owned by the parties in Yorkshire, England, known as "Bank House", and she alleges that the terms in the separation agreement concerning its disposition resulted from the undue influence of her husband's representations concerning his mental condition. However, the factual allegations she sets forth regarding this property actually go to the question of performance of the agreement. It is of course a prerequisite to conversion divorce that the parties have substantially performed all of the terms and conditions of the separation agreement. The wife has set forth factual allegations of evidentiary value to show that the husband had not only failed to substantially perform, pursuant to paragraph 5 of the separation agreement, dealing with Bank House, but has used deliberate delay and obstruction, as well as such actual fraud as the rendering of false appraisals, to frustrate performance. The order appealed from is therefore modified only to the extent of permitting examination and production of items as to Bank House. Concur — Kupferman, J. P., Sullivan, Carro and Silverman, JJ.

Lynch, J., dissents in a memorandum as follows: I dissent and would affirm. In her counterclaim seeking to set aside the separation agreement, the wife has alleged that the husband induced her to enter into the agreement by false representations of his emotional problems, the extent of the treatment he was undergoing for these problems, and, particularly, his financial inability to support her and continue with the necessary treatment. I cannot agree with the majority that these allegations, if proven, would be so insubstantial as to warrant denial of relief to the wife. Misrepresentation of a husband's financial condition has long been grounds for setting aside a separation agreement (see *Ducas v Guggenheimer,* 90 Misc 191, affd 173 App Div 884), and allegations of such conduct in an action to set aside the agreement entitle the pleader to an examination of the husband's financial condition *(Frank v Frank,* 267 App Div 505). The wife is entitled to this disclosure as material and necessary to her counterclaim *(Sumereau v Sumereau,* 75 AD2d 564). The majority also holds that the "sole material item of significance" to the wife is the cottage owned by the parties in Yorkshire, that her position with respect to this property is protected by the necessity

of the husband having to prove full performance of the separation agreement with regard to the property, and that full disclosure is therefore unnecessary. I cannot agree. What the wife has alleged is that, relying on her husband's representations, the "sole material item of significance" she attempted to salvage from the marriage was the cottage she had purchased with her own money.