■ ANNA D. LISS, Respondent, v JOSEPH LISS, Appellant. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered August 11, 1981 in Albany County, which awarded plaintiff temporary maintenance in the amount of $100 per week. Plaintiff and defendant, both sexagenarians, were married on November 15, 1980 and separated in January, 1981. In this matrimonial action, plaintiff brought a motion seeking, *inter alia,* temporary maintenance of $200 per week and $1,500 in counsel fees. The record reveals that the parties have a joint certificate of deposit in the amount of $10,000; that plaintiff is the sole owner of the marital residence which is valued at between $30,000 and $40,000 and is unencumbered; that defendant earns a

gross weekly wage of approximately $500; and that plaintiff receives approximately $200 per month in Social Security benefits. Special Term denied the application for counsel fees but awarded plaintiff temporary maintenance in the amount of $100 per week stating that the award was based on plaintiff's needs, considering her health and age, and that payments would be tax deductible for defendant. This appeal by defendant ensued. Initially, defendant contends that Special Term failed to set forth the effect on the award of temporary maintenance of the nine factors specifically enumerated in section 236 (part B, subd 6, par a) of the Domestic Relations Law as required by section 236 (part B, subd 6, par b) of the Domestic Relations Law. Section 236 (part B, subd 6, par a) provides, in pertinent part, that the court shall consider nine specific factors and any other factor deemed just and proper when it is determining "the amount and duration of maintenance". The statute does not require consideration of these factors in a decision regarding temporary alimony and to so interpret it would require us to read the additional words "temporary maintenance" into the relevant provision of the statute. This court, however, should not read words into a statute to give it a meaning not otherwise found therein (*Schampier v Office of Gen. Servs. of State of N. Y.*, 73 AD2d 1011, affd 52 NY2d 746). Consequently, while Special Term was required to set forth the factors it considered and the reasons for its decision (Domestic Relations Law, § 236, part B, subd 6, par b), the court was not required in awarding temporary maintenance to consider or set forth its consideration of the nine specific factors enumerated in section 236 (part B, subd 6, par a) of that statute. We are not saying that these factors may not be considered in a decision regarding temporary maintenance, but only that consideration of these factors is not compulsory. Accordingly, Special Term's decision was not deficient in this respect. We also reject defendant's argument that Special Term's decision was not in compliance with CPLR 4213 (subd [b]) in that the essential facts were not stated therein. Concerning the award of temporary maintenance of $100 per week, defendant contends that it was excessive and an abuse of discretion due to the short duration of the marriage. We find no abuse of discretion by Special Term in the award of temporary maintenance on the present record and, in any event, we are of the opinion that a speedy trial is the most effective means to resolve any claimed inequities in this regard (*Baranyk v Baranyk*, 73 AD2d 1004, 1005). The order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.