■ MARIANNE WEINTRAUB, Respondent-Appellant, v GERALD WEINTRAUB, Appellant-Respondent. — Order, Supreme Court, New York County (Hortense Gabel, J.), entered on March 28, 1983, which awarded wife *pendente lite* maintenance of $400 per week, retroactive to the return date of the motion (January 18, 1983), and directed that the retroactive payments be made at the rate of $100 per week in addition to the $400 awarded, is unanimously modified, on the law and facts and the exercise of discretion to reduce the temporary maintenance to $200 per week retroactive to the return date of the motion (January 18, 1983) and direct that the retroactive sums accumulated thereunder be liquidated at the rate of $50 per week in addition to the $200 per week and is otherwise affirmed, without costs. The parties hereto were married on March 21, 1982. Eight months later, in November of 1982, the wife commenced this proceeding for divorce alleging a course of cruel and inhuman conduct on the part of the husband which necessitated her removal from the marital abode. Thereafter, by notice dated January 6, 1983, the wife moved for *pendente lite* maintenance of $1,500 per week, claiming actual personal expenses of $988 per week, including rent on an apartment to which she removed following the separation of the parties, but not including such unforeseen additional expenses as might occur. She estimated that the $1,500 was necessary to cover her actual expenses and her tax liability. Included in her expenses is a $100 per week tuition expense to enable her to obtain a degree in interior design. She related a lavish life-style during her short marriage, and contended that it was her husband's duty to continue to support her until such time as an appropriate equitable distribution determination could be made. The tuition expense referred to above is in respect to a $14,000 three-year course she has enrolled in at the New York School of Design. She noted that sometime prior to her marriage, she had earned some $30,000 plus per annum in her job with an employment agency but had given up that job because she found her work to be very "unpleasant". She desires a "new career" and thus has enrolled in school. Plaintiff enumerated her assets as consisting of $600 in monthly rental received from the sublet of an apartment, an outstanding

receivable of $19,000, $10,000 in cash, $6,000 in stock and some $15,000 in furs. In awarding temporary maintenance of $400 per week to the plaintiff, Special Term did not enumerate any of the factors it considered in arriving at that determination. (See *Liss v Liss,* 87 AD2d 681.) Among those factors to be appropriately considered in making such an award are the duration of the marriage and the age and health of both parties; the present and future capacity of the person having need to be self-supporting; the period of time and training necessary to enable the person having need to become self-supporting. (*Liss v Liss, supra;* Domestic Relations Law, § 236, part B, subd 6, par a.) This marriage is of but eight months' duration and the wife is now but some 27 years of age, while the husband is 20 years her senior. Concededly, she earned in excess of $30,000 per year while employed at an employment agency prior to the marriage. It is demonstrated that she receives some $600 per month in income from an apartment sublet, and is possessed of some $50,000 in assets. We have previously held that a wife should not be forced to deplete her own assets if it appears that she has otherwise stated reasonable grounds for the divorce and the situation warrants the relief (see *Hyman v Hyman,* 56 AD2d 337). Nevertheless, we are satisfied on this record that giving due consideration to the factors enumerated above, the temporary alimony award is excessive to the extent indicated. We note again that the " 'best protection to both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than an appeal or reference' " (*Wellington v Wellington,* 47 AD2d 881, 882). Concur — Sandler, J. P., Sullivan, Ross, Asch and Alexander, JJ.